In the Matter of Terrance **KEENAN**
(Keenan Construction Company),
Bankrupt-Appellant,

v.

**BUILDERS APPLIANCES, INC., et al.,**
Appellees.

No. 73–B–2153.

United States District Court,
E. D. Wisconsin.

Oct. 30, 1974.

Burke & Schoetz by Charles F. Schroeder, Milwaukee Wis., for bankrupt-appellant.

Brendel, Flanagan & Sendik by Thomas R. Fahl, Wauwatosa, Wis., for Builders.

Martin J. Schreiber, Milwaukee, Wis., Richard J. Lipson & Daniel Sinykin, Madison, Wis., for Buchta Bros.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

This is an appeal from two decisions of the bankruptcy judge granting extensions of time for the filing of a complaint objecting to discharge and complaints to determine the dischargeability of a debt. Although the particular fact situations differ slightly regarding each appellee's reason for its counsel's inaction, the parties agree that the legal issues to be resolved are identical. Therefore, these two appeals have been consolidated. I conclude that the bankruptcy judge's decisions should be affirmed.

In a memorandum decision dated May 1, 1974, the bankruptcy judge granted Builders Appliances, Inc. the right to file its complaint to determine the dischargeability of its debt, although the deadline set by the court for such filing had expired. In so doing, the bankruptcy judge relied upon Rule 409(a)(2), Rules of Bankruptcy Procedure, and stated that, under the circumstances, "this Court is hesitant to deny Builders Appliances, Inc. its day in court."

On June 5, 1974, the same bankruptcy judge also granted Buchta Brothers the right to file its complaint objecting to discharge in total and to determine the dischargeability of its debt. Citing § 14b(1) of the Bankruptcy Act, 11 U.S.C. § 32(b)(1), Rules 404(a) and (c), 409 (a)(1) and (2), and 906(b), as well as the recent case of Vac-Air, Inc. v. John Mohr & Sons, Inc., 471 F.2d 231 (7th Cir. 1973), he concluded at page 4 of his memorandum opinion that while "certainly counsel for Buchta is guilty of neglect, . . . the point is should this creditor be penalized [so drastically] because of the lack of diligence on the part of his attorney."

The first meeting of creditors in this matter was held on December 27, 1973. Counsel for Builders and Buchta were present at such meeting. In addition, each received written notice of the fact that January 27, 1974, was established as the cut-off date for the filing of complaints to determine the dischargeability of a debt and that February 27, 1974, was designated as the deadline for the filing of objections to discharge.

The record indicates that the appellees' counsel were careless and inattentive in the handling of their clients' affairs in this matter. For one thing, they failed to read the deadline notices. Each one appears to have mistakenly assumed that he had 90 days after the first creditors' meeting within which to file complaints and objections with respect to dischargeability. While it does not justify their mistake, it should be noted that such was the practice prior to the changes in the relevant bankruptcy rules which became effective on October 1, 1973.

Section 14b(1) of the Bankruptcy Act, 11 U.S.C. § 32(b)(1), which is entitled "Discharges, when granted", as well as Rule 404(a), Rules of Bankruptcy Procedure, captioned "Grant or denial of discharge," provide that the "court shall make an order fixing a time for the filing of" complaints objecting to the bankrupt's discharge. Each requires that the "time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors." The extension requests were filed on March 15 and 26. While Builders Appliances, Inc. and Buchta Brothers failed to meet the deadlines established and noticed by the bankruptcy court, the extension requests were filed prior to the end of the 90 day period set forth in § 14b(1) and Rule 404(a) as the ultimate deadline for such expressions.

Rule 906 provides as follows:

"(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . . ."

■■ In my judgment, the deadline of "no[t] more than ninety days after the . . . first meeting of creditors," which is provided for at § 14b(1) and Rule 404(a), represents "the period originally prescribed" for purposes of subsection (1) of Rule 906(b). As noted, the appellee's requests for extensions were filed within such period of time. Moreover, I believe the record supports a finding of "excusable neglect" under subsection (2) of Rule 906(b). Such a finding is implicit in the bankruptcy judge's extension decisions.

The appellant correctly asserts that while it is within the discretion of the bankruptcy judge to grant such extensions, the exercise of such discretion must be based on facts which warrant such an extension. I have examined the record in this matter and conclude that under the circumstances the bankruptcy judge cannot be said to have abused his discretion when he granted the challenged extensions.

The extension requests were made within 90 days after the first meeting of creditors. The bankrupt has not shown that the delays involved were intended to place him under pressure or that he has been prejudiced thereby. I conclude that the bankruptcy judge's decision to grant the requested extensions are supported by the policy enunciated by the court of appeals for this circuit in Vac-Air v. John Mohr, supra.

Therefore, it is ordered that the bankruptcy judge's orders enlarging the time within which the appellees could file their complaints and objections to the discharge of certain of the bankrupt's debts be and hereby are affirmed.

It is also ordered that these appeals be and hereby are dismissed.