In re Leigh Richmond CAPSHAW, Bankrupt.

Larry WISE, Trustee, Plaintiff,

v.

Leigh Richmond CAPSHAW, Defendant.

No. 75–1598–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Jan. 13, 1977.

Edward R. Willcox, Jr., Willcox, Savage, Lawrence, Dickson & Spindle, P. C., Norfolk, Va., for plaintiff.

Richard W. Hudgins, Hudgins & Neale, Newport News, Va., for defendant.

## MEMORANDUM OPINION

CLARKE, District Judge.

This matter comes before the Court on an appeal from an Order of the Bankruptcy Court extending the time for the filing of a complaint objecting to the discharge of the bankrupt. Jurisdiction of this Court is based upon 28 U.S.C. § 1334; Bankruptcy Act, §§ 38, 39c, 11 U.S.C.A. §§ 66, 67(a); Rule 801, Rules of Bankruptcy Procedure.

## FACTS

On December 15, 1975, a voluntary petition in bankruptcy was filed by the bankrupt. On December 19, 1975, the Bankruptcy Court issued an Order fixing March 9, 1976, as the last date for filing complaints objecting to the bankrupt's discharge, as provided by Section 14 of the Bankruptcy Act (11 U.S.C. § 32) and Rule 404, R.B.P. No complaints objecting to the discharge or requests for extension of the time for filing were submitted during this time period.

In August 1976, well after the expiration of the time fixed for filing such complaints, the trustee in bankruptcy submitted to the Bankruptcy Court a complaint, objecting to the discharge. On October 13, 1976, following argument of counsel on September 24, 1976, the Bankruptcy Court issued an Order extending the time for such filing and setting dates for a proceeding on the merits of the objections in the complaint. No evidentiary hearing on the propriety of granting such an enlargement of time was held.

The Bankrupt's discharge has never been granted and, thus, the provisions of Bankruptcy Act § 15 regarding revocation of discharge for hidden fraud are not applicable to this case.

## TIMELINESS OF APPEAL

■ Appellee argues that the Order below is not an appealable order. Rule 803, R.B.P., provides that unless a notice of appeal is filed as required by Rules 801 and 802, the Order of the Bankruptcy Court becomes final. "Final" in this rule is used in the sense of conclusive and not subject to appeal.

There is no provision in the Bankruptcy Act or Rules comparable to the requirement of 28 U.S.C. § 1291, which generally limits the Courts of Appeals to review of "final" orders of the District Courts. "Final" in that section is used in the sense of concluding and dispositive.

Rules 801 and 802 require the filing of a notice of appeal from an Order of the Bankruptcy Court within ten (10) days of the date of the entry of the order. No distinction is made between dispositive and interlocutory orders.

■ Appellee argues that only orders under the rules listed in Rule 802(b) are appealable. That rule, however, merely tracks Rule 4(a), Federal Rules of Appellate Procedure, by allowing a full, new ten-day period for filing a notice of appeal following a ruling on post-verdict or judgment motions. Accordingly, the Court finds that the Order of the Bankruptcy Court is appealable, and this case is properly before this Court for review.

## ENLARGEMENT OF TIME

■ Rule 404(a) requires the Bankruptcy Court to fix a time for the filing of a complaint objecting to the bankrupt's discharge not less than thirty days nor more than ninety days from the date set for the first meeting of creditors. Enlargement of this time is permitted by Rules 404(c) and 906(b). Although Rule 404(c) appears to be somewhat redundant in light of Rule 906, there is no doubt that Rule 906 is applicable to complaints filed objecting to the discharge of the bankrupt. The Advisory Committee Note to Rule 404 refers specifically to Rule 906. Rule 906(c) specifically excludes Rule 404 from its operation, which implies the applicability of Rule 906(b) to Rule 404 since it does not contain such an exclusion of Rule 404. See *Keenan v. Builders Appliances, Inc.,* 384 F.Supp. 14 (E.D.Wis.1974) which applied Rule 906(b) to an enlargement of time under rule 404.

■ Following the expiration of the period originally established under Rule 404(a),[1] enlargement of the time is governed by Rule 906(b)(2).[2]

■ Rule 906(b) provides:

"When . . . by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . .."[3]

This provision gives the Bankruptcy Judge wide discretion to allow late filings but that discretion must be based on facts upon which a finding of excusable neglect can be made. *Keenan v. Builders Appliances, Inc.,* 384 F.Supp. 14 (E.D.Wis.1974). A review of the record fails to disclose any formal finding of excusable neglect and, more importantly, fails to disclose any evidentiary basis for such a finding.

■ Absent the exercise of its discretion based upon experience, judgment, and a factual record in finding excusable neglect, the Bankruptcy Court may not permit the filing of a complaint objecting to the bankrupt's discharge.[4] The Bankruptcy Act and Rules contemplate active challenges to a bankrupt's discharge in appropriate cases. Section 15 of the Act allows challenges to revoke a discharge up to a year after its having been granted, upon a showing that the challenger is not guilty of laches. The showing necessary here, prior to discharge, to begin a challenge to discharge is less stringent. The challenger need only show that his delay was excusable. This requirement should be applied liberally to allow objections to be litigated on their merits where reasonable grounds for the objection exist. 1A Collier on Bankruptcy ¶ 14.06 (14th ed. 1974). See *In re Massa,* 133 F.2d 191 (2d Cir. 1943).

Thus, while considerable latitude for finding the propriety of filing challenges to discharges is vested in the Bankruptcy Court, such actions must be undertaken in compliance with the provisions of the Bankruptcy Act and Rules, which are designed to protect the interests of both the bankrupt and his creditors. The balance between the entitlement of a bankrupt to his discharge

---

1. The *Keenan* case, *supra,* held that the provisions of Rule 906(b)(2) did not come into play until after the full ninety-day period possible under Rule 404(a) had run. This distinction is not material in the case at bar because the complaint was filed long after both the fixed date and the ninety-day period had run.

2. Prior to the expiration of the time fixed under Rule 404(a), it is clear that the time for filing complaints may be freely extended with or without formal application for any good cause. Such an extension may be made *sua sponte* by the Bankruptcy Court. Rules 404(c), 906(b)(1).

3. The Court in *Recile v. Ward,* 496 F.2d 675 (5th Cir. 1974), ruled that an extension of time was permitted after the expiration of the original time without a showing of excusable neglect. However, the Court in that case failed to consider the applicability of Rule 906 which this Court has held to be applicable.

4. The Court also notes that Rule 906(b)(2) unlike subdivision (b)(1) and Rule 404(c), requires application for an extension of time rather than extension by the Bankruptcy Court, *sua sponte.* This purely formal requirement should be observed upon the remand of this case but is not relied on here as an error requiring remand.

and the interest of creditors in avoiding such a discharge when possible fraud or other grounds exist changes as the proceeding in bankruptcy moves through its various stages. The prerequisites for asserting a challenge to the bankrupt's discharge change accordingly and must be complied with.

An Order in accordance with this Memorandum Opinion, making reference hereto, is entered this date.

## ORDER

By virtue of the reasoning and authorities cited in the attached opinion this day filed in this case, it is hereby ORDERED:

(1) That this action be remanded to the Bankruptcy Court for the conducting of an evidentiary hearing and making of factual findings on the question of excusable neglect;

(2) That the Complaint objecting to the bankrupt's discharge not be filed until and unless a finding of excusable neglect is made;

(3) That all proceedings pursuant to the Complaint be stayed pending the outcome of the "excusable neglect" hearing.