**In re Jerry Reinhard GERTZ, aka Jerry R. Gertz, Bankrupt.**

**Arthur J. FOWLER, Plaintiff,**

**v.**

**Jerry Reinhard GERTZ, aka Jerry R. Gertz, Defendant.**

**Bankruptcy No. 78–06665–JD(B).**

United States Bankruptcy Court, C. D. California.

Nov. 9, 1979.

Robinson, Wolas & Diamant, a Professional Corp., Los Angeles, Cal., for defendant.

Sulmeyer, Kupetz, Baumann & Rothman, a Professional Corp., Los Angeles, Cal., for plaintiff.

OPINION

JAMES R. DOOLEY, Bankruptcy Judge.

The issue here presented is whether the failure of plaintiff to file his complaint to

determine dischargeability within the time fixed by the court was the result of excusable neglect within the meaning of Bankruptcy Rule 906(b)(2). I hold that it was not for the reasons which follow.

The voluntary petition of Jerry Reinhard Gertz was filed on July 25, 1978. On August 1, 1978 an Order For First Meeting Of Creditors, etc. was mailed to creditors by the clerk. This order fixed August 14, 1978 as the date of the first meeting of creditors and fixed September 20, 1978 as the last day for the filing of complaints to determine dischargeability as provided for in Section 17c(2) of the Bankruptcy Act. On November 14, 1978 the bankrupt was granted a discharge. Thereafter, on December 12, 1978 plaintiff Arthur J. Fowler filed a "Complaint To Determine Debt Not Discharged In Bankruptcy And For Determination Of Non-dischargeability Pursuant To Section 17(a)(2) [17c(2)]." Also, on December 12, 1978 said plaintiff filed an "Application For Order Enlarging Time To File Complaint To Determine Dischargeability Of Debt."[1]

When defendant Gertz filed his voluntary bankruptcy petition, he was a party to a civil action in the Los Angeles County Superior Court, Action No. C184,134, to which plaintiff Fowler was also a party. Fowler was represented in the Superior Court action by Robert R. Mallicoat, Esq.; and on March 10, 1977 attorney Mallicoat filed a Cross-Complaint based upon deceit and fraud, naming the bankrupt Gertz as one of the cross-defendants.

Plaintiff Fowler and his attorney, Robert Mallicoat, were scheduled as creditors in defendant Gertz' bankruptcy proceedings; and they both received a copy of the order for the first meeting of creditors. Fowler, after receiving his copy of the order, contacted attorney Mallicoat and told him to handle the bankruptcy. However, there was no discussion between Fowler and Mallicoat as to what specific steps would be taken in the bankruptcy proceeding.

The record does not establish with certainty what transpired in the office of attorney Mallicoat with respect to Gertz' bankruptcy proceeding. It does appear, however, that the order for the first meeting of creditors was received in attorney Mallicoat's office during the first half of August 1978[2]; that plaintiff Fowler contacted attorney Mallicoat and told him to handle the bankruptcy proceeding; and that during August 1978 attorney Mallicoat wrote the word "bktcy" next to entries relating to the Fowler-Gertz litigation on a monthly worksheet that he kept.

The record further discloses that sometime during the month of September 1978 attorney Mallicoat wrote the word "Slate" next to entries relating to the Fowler-Gertz litigation on his monthly worksheet. This, combined with attorney Mallicoat's testimony, indicates that he contemplated consulting with attorney Hugh Slate of the firm of Slate and Leoni which specializes in bankruptcy. However, there is no evidence that attorney Mallicoat did in fact consult with attorney Slate.

It was the practice in attorney Mallicoat's office for his secretary to note deadline dates on a wall calendar next to her desk. However, the deadline of September 20, 1978 for filing complaints to determine dischargeability did not appear on the wall calendar. Also, it appears that the order for the first meeting of creditors was inadvertently removed from attorney Mallicoat's desk before he had an opportunity to read it carefully and was placed in another file ("Meyer" file) where it was located

1. An evidentiary hearing on plaintiff's application was held on April 27, 1979 and June 21, 1979. Following the hearing plaintiff's counsel submitted by letter dated June 29, 1979 more legible copies of plaintiff's Exhibits 1, 2, and 3. These additional copies were marked in chambers on November 7, 1979 as "Pltf's Ex 1 (supplement)" "Pltf's Ex 2 (supplement)" and "Pltf's Ex 3 (supplement)".

2. The exact date that the order was received in attorney Mallicoat's office was not established. Although attorney Mallicoat testified that it was customary in his law office to date stamp documents upon their receipt, the order for the first meeting of creditors was not stamped with the date of its receipt.

after a search during the latter part of November 1978. Attorney Mallicoat testified that his secretary's mother was ill in Seattle, that she had asked for time off to be with her mother, and that there were days when he did not have a secretary, but would open the mail himself.

Attorney Mallicoat graduated from law school in 1953 and was admitted to the Bar in January 1954. He did not ordinarily handle bankruptcy matters, having had only one other matter relating to bankruptcy prior to the Gertz bankruptcy, which prior matter he had referred to a bankruptcy specialist. Attorney Mallicoat had a loose understanding that fraud was not discharged in bankruptcy but was not aware of the procedures to be followed to determine dischargeability. After attorney Mallicoat received a copy of Gertz' Order Of Discharge during the latter part of November 1978, he instituted a search for the order for the first meeting of creditors that he had received; and after locating the latter order referred the matter to the firm of Sulmeyer, Kupetz, Baumann and Rothman.

■ Where the failure of a plaintiff to timely file a complaint to determine dischargeability is the result of excusable neglect, this court has authority under Bankruptcy Rules 409(a)(2) and 906(b)(2) to extend the time for filing, even though the bankrupt has been discharged. *In Re Michael W. Canifax*, 2 BCD 225 (James M. Burns, District Judge, Oregon, January 15, 1976); *In Re Stuart L. Loveridge*, 2 BCD 1597 (Bankruptcy Judge Saul Seidman, Connecticut, January 11, 1977); see also *Keenan v. Builders Appliance, Inc.*, 384 F.Supp. 14 (E.D.Wisc.1974).

On the other hand, where an application for extension is made after the time fixed for filing has expired, and there is no showing of excusable neglect, an extension will not be granted. *In Re Braxton Henry Lee*, 4 BCD 858 (Bankruptcy Judge Blackwell N. Shelley, E.D.Va., June 22, 1978); *Matter of William L. Manning*, 4 BCD 304 (Bankruptcy Judge Saul Seidman, Connecticut, May 8, 1978); *Matter of R. M. Starkey*, 1 CBC 138

(Bankruptcy Judge Leonard Bessman, W.D. Wisc., November 15, 1973); Cf. *In Re Capshaw*, 423 F.Supp. 1388 (E.D.Va.1977). It is true that the court in *Recile v. Ward*, 496 F.2d 675, 681–682 (5th Cir. 1974) indicated that extensions of time under Bankruptcy Rule 404 were not dependent upon a showing of excusable neglect. However, that decision is not persuasive, since the court in that case completely overlooked Bankruptcy Rule 906(b)(2).

■ In order for neglect to be excusable, there must be a reasonable basis for the failure of the party to act within the specified period. As Judge Seidman said in *Matter of R. M. Starkey, supra*, (page 142):

"A party requesting an extension of time under Rule 6(b)(2), in contrast to the lesser justification required in the first subdivision which relates to the seeking of an extension before the expiration of the time for filing, must show a reasonable basis for his failure to comply within the time specified. Wright & Miller, Federal Practice and Procedure: Civil Section 1165. Notes 72 and 73 of that authority abstract cases illustrating instances of excusable and inexcusable neglect. They hold that the extension will not be granted when the delay could have been prevented by the diligence of the party. Ordinary negligence is not enough. . . . "

■ This court does not find a reasonable basis for excusing the neglect of attorney Mallicoat in this case. In the first place, it is doubtful that the breakdown in attorney Mallicoat's office procedures, which resulted in the deadline of September 20, 1978 being omitted from his wall calendar and which caused the order for the first meeting of creditors to be inadvertently removed from his desk and placed in another file, can be classified as excusable neglect. In another context, it has been held that difficulty with office help, inadvertence, and the press of other business are insufficient to constitute excusable neglect. See *Matter of Estate of Butler's Tire and Battery Co., Inc.*, 592 F.2d 1028, 1033 (9th Cir. 1979); *Grantham v. Morgan Linen Service, Inc.*, 426 F.2d 237 (7th Cir. 1970).

Moreover, even without the order for the first meeting of creditors attorney Mallicoat had information concerning Gertz' bankruptcy. Plaintiff Fowler brought the bankruptcy to attorney Mallicoat's attention and the latter had made a notation of the bankruptcy on his monthly worksheet. Moreover, during September 1978 attorney Mallicoat gave consideration to consulting with a bankruptcy specialist, but failed to do so. No reasonable basis has been shown for his inaction from early August 1978 to late November 1978.

It is true that attorney Mallicoat had little knowledge of bankruptcy. However, ignorance of the law is no excuse. *In Re Braxton Henry Lee, supra*, at page 588; *Matter of Joseph Hall Molner*, 2 CBC 174 (Bankruptcy Judge William B. Washabaugh, W.D.Penn., September 23, 1974); Cf. *Ohliger v. United States*, 308 F.2d 667 (2nd Cir. 1962). Moreover, attorney Mallicoat had ample opportunity to consult with counsel who specialize in bankruptcy matters.

This opinion contains findings of fact and conclusions of law as provided for in Bankruptcy Rule 752(a).