In re James Lewis YOUNG, a/k/a Jim Young and James L. Young, Bankrupt.

FIRST & PEOPLES NATIONAL BANK, Plaintiff,

v.

James Lewis YOUNG, Defendant.

Bankruptcy No. 77–20067.

United States Bankruptcy Court, M. D. Tennessee.

Nov. 30, 1979.

Richard R. Hedgepath, Nashville, Tenn., for bankrupt-defendant.

Phillip C. Kelly, Gallatin, Tenn., for plaintiff.

## MEMORANDUM

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

This matter is before the court on the motion of a creditor to extend the time within which to file its complaint objecting to the discharge of the bankrupt and in the alternative seeking to have its debt excepted from the discharge. The creditor's motion was filed after the last day set by the court for the filing of such complaints. Accordingly, the creditor seeks its extension pursuant to Rule 906(b)(2) of the Bankruptcy Rules, which provides:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; . . . .

The pertinent dates and procedural developments are as follows:

The bankrupt's voluntary petition was filed on October 28, 1977. The notice to creditors set the first meeting on December 2, 1977, and fixed February 2, 1978, as the last day for the filing of complaints objecting to discharge of the bankrupt and the dischargeability of debts. The first meeting was continued to January 6, 1978, apparently at the request of someone other than the bankrupt.

On February 10, 1978, the attorney for the creditor submitted to the clerk a motion for extension of time and a complaint. Neither of these documents was signed by the attorney, and no filing fee was tendered. Both were returned by the clerk and were subsequently resubmitted and filed. The complaint, however, was not properly captioned and was returned with a cover letter pointing out this deficiency. On March 20, 1978, a re-captioned complaint and a re-captioned motion were filed.

Meanwhile the order discharging the bankrupt was entered on February 14, 1978, and on March 8, 1978, an order was entered approving the trustee's report of no assets and closing the case.

An order re-opening the case was entered on April 18, 1978, and on April 28, 1978, the summons was issued and the complaint and summons were served on the bankrupt on May 5, 1978. The attorney for the bank-

rupt filed an answer to the complaint and a response to the motion objecting to the extension of time. A hearing was held on November 13, 1978, at which the attorney for the bankrupt requested that the hearing on the complaint be deferred until after the court had ruled on the motion to extend.

At the hearing, the attorney for the creditor stated that the sole reason for his failure to file the complaint within the time originally set by the court was his assumption that it was the practice of this court whenever there was a continuance of the first meeting of creditors automatically to extend the time for filing complaints a like number of days. This attorney argued that if there had been such an extension of the time in this case the complaint would have been timely filed. The attorney for the bankrupt indicated that the motion to extend had never been served on him, and a review of the record indicates that no certificate of service has been filed which contradicts this assertion. Apparently neither the bankrupt nor his attorney were aware of this creditor's efforts to extend the time for the filing of the complaint until it was served on the bankrupt more than three months after the original deadline.

The bankrupt has made no showing of any special prejudice resulting from the creditor's delay in filing the complaint.

The complaint alleges that the bankrupt misrepresented that certain cattle in which the creditor was given a security interest were free and clear of prior liens and that the bankrupt misrepresented where these cattle were located thereby causing the creditor to file its financing statement in the wrong county. All of the pertinent facts were known to the creditor and its attorney prior to the filing of the bankruptcy petition and, although the attorney attended the continued first meeting of creditors, neither he nor his client were dependent upon any facts developed at that meeting for preparation of the complaint. Apparently the attorney did make demand on the trustee that the trustee file a complaint objecting to discharge which the trustee declined to do. The record is silent as to when this demand was made and when the trustee responded. In any event, there has been no suggestion that this exchange with the trustee had any bearing on the delay in the filing of the complaint.

The attorney for the plaintiff has filed a post-hearing memorandum brief and attached thereto an affidavit in which he refers to a prior proceeding in this court before another bankruptcy judge as the basis for his alleged assumption that the date for filing complaints was automatically extended whenever there was a continuation of the first meeting of creditors. This affidavit, however, is not supportive of the attorney's position in that in the prior proceeding he made application to the court for an extension, initially orally and then in writing, prior to the expiration of the period for filing complaints. The court granted the extension but not for the same period of time that the meeting of creditors had been continued. This extension was granted under the authority of subsection (1) of Bankruptcy Rule 906(b) where there is no necessity of a showing of "excusable neglect." Courts are almost automatic in granting extensions of time when application is made prior to expiration of the period originally prescribed. In this prior proceeding it appears that the attorney did not realize that his client had grounds for objecting to discharge until after the conclusion of the continued first meeting of creditors, which was held only six days prior to the last day initially fixed for filing complaints.

Rules 404(a) and 409(a)(2) of the Bankruptcy Rules provide that the court shall enter an order fixing a time for the filing of a complaint objecting to the bankrupt's discharge under § 14c of the Bankruptcy Act, 11 U.S.C. § 32c, and the filing of a complaint to determine dischargeability of any debt pursuant to § 17c(2) of the Act, 11 U.S.C. § 35c(2), not less than thirty days nor more than ninety days after the first date set for the first meeting of creditors. The requirement that the date for the filing of complaints be set in relation to the first meeting of creditors is no accident. As provided in Bankruptcy Rule 205(d) the

bankrupt may be examined at the first meeting as to "any matter which may affect . . . his right to discharge." Thus, where facts might be developed at the first meeting affecting the bankrupt's right to discharge and the meeting is continued beyond the date originally set for filing complaints, a creditor has grounds for having a new date fixed sometime after the first meeting has been concluded. *In re Baker*, 299 F.Supp. 404 (W.D.Mo.1969). In this case, however, not only was the continued first meeting concluded several weeks prior to the original deadline, but the complaint alleges facts all of which were known to the creditor prior to the filing of the bankruptcy petition. There is no provision in the Bankruptcy Act nor in the Bankruptcy Rules nor in the local rules of this court prior to October 1, 1979, for the automatic extension of the time for the filing of complaints in the event of a continuation of the first meeting of creditors. Such an extension may be made by the court upon application or on its own initiative under Rule 906(b)(1) prior to the expiration of the period but can be made thereafter pursuant to subsection (b)(2) only upon application.

Thus, the only issue before the court is whether the attorney's explanation for his failure to file the complaint within the time originally specified by the court constituted "excusable neglect" under Rule 906(b)(2). As evidenced by the substantial number of reported opinions by bankruptcy judges discussed herein the late filing of such complaints is a vexatious problem. Not only does it involve the competing interests of the parties, but it also involves the public policy expressed in Bankruptcy Rule 903 that there be an "expeditious and economical administration of every bankrupt estate and the just, speedy, and inexpensive determination of every proceeding in bankruptcy."

Some decisions rendered just after the Bankruptcy Rules became effective in October, 1973, construed the term "after the expiration of the specified period" in Rule 906(b)(2) to mean the maximum ninety days after the first meeting of creditors authorized not only by the Rules but by § 14b(1)

of the Act, 11 U.S.C. § 32(b)(1), so that if an application to extend were made after the date fixed by the court but within that ninety-day period, it should be granted under subsection (b)(1) without the necessity of showing "excusable neglect" under subsection (b)(2). *Keenan v. Builders Appliances, Inc.*, 384 F.Supp. 14 (E.D.Wis.1974); *In re Radtke*, 1 Bankr.Ct.Dec. 1542 (E.D. Wis.1975) (B.J.). Other courts have declined to follow the eastern district of Wisconsin. At least one court has expressly criticized the *Keenan* rationale. *Loving v. Lee*, 4 Bankr.Ct.Dec. 585 (E.D.Va.1978) (B.J.).

Just after the adoption of the new rules another court concluded that through application of Bankruptcy Rule 404(c) it was not necessary to show excusable neglect when an extension was sought for the filing of a complaint objecting to the discharge of the bankrupt. *In re Pineford Development Co.*, 1 Bankr.Ct.Dec. 152 (N.D.Miss.1974) (B.J.). This decision has not been followed in any other jurisdictions. This court, however, continues to do so. *In re Roberts*, 3 Bankr. L.Rep. (CCH) ¶ 67,081 (N.D.Miss.1978) (B.J.).

As the following cases hold that when application is made to extend the time after the expiration of the original period for filing such complaints, it is necessary for the court to find that the failure to timely file was the result of "excusable neglect." The court should make a formal finding of excusable neglect and have an evidentiary basis for doing so. *In re Capshaw*, 423 F.Supp. 1388 (E.D.Va.1977).

There is no question but that an extension should be granted when the delay in filing the complaint was caused by the bankrupt or the bankrupt's attorney. Where the bankrupt has failed to appear at the first meeting or has otherwise concealed pertinent facts or where the bankrupt or his attorney have concealed assets, delay in the filing of the complaint caused thereby is justifiable, and the courts readily grant the extension. *Commercial Bank v. Daniels*, 2 Bankr.Ct.Dec. 526 (D.Or.1976) (B.J.) (dic-

tum); *Siehr v. McFarland*, 8 C.B.C. 510 (W.D.Wis.1976) (B.J.); *In re Phelps*, 3 C.B.C. 303 (D.Minn.1974) (B.J.); *In re Baker*, 299 F.Supp. 404 (W.D.Mo.1969).

It appears that bankruptcy courts have been most inclined to conclude that there was excusable neglect whenever there was some doubt as to whether the creditor had received adequate notice of the deadline for filing complaints. *Federal Insurance Co. v. Loveridge*, 2 Bankr.Ct.Dec. 1597 (D.Conn. 1977) (B.J.); *In re Cirves*, 8 C.B.C. 74 (W.D. Wis.1976) (B.J.); *In re Advertising Distributors of America*, 1 Bankr.Ct.Dec. 1275 (S.D.N.Y.1975) (B.J.); *Perez v. Eisenzimmer*, 1 Bankr.Ct.Dec. 1587 (N.D.Ill.1975) (B.J.). On the other hand, it appears that the courts have been most inclined to conclude that the neglect was inexcusable when it resulted from a lack of knowledge of the law, substantive or procedural. *In re Roethe*, 3 Bankr.Ct.Dec. 75 (W.D.Wis.1977) (B.J.); *Heublein Employees Credit Union v. Smith*, 2 Bankr.Ct.Dec. 968 (D.Conn.1976) (B.J.); *In re Sharp*, 1 C.B.C. 43 (S.D.Md. 1974) (B.J.); *Household Consumer Discount Co. v. Molnar*, 2 C.B.C. 174 (W.D.Pa.1974) (B.J.); *Dominion National Bank v. Blane*, 1 Bankr.Ct.Dec. 176 (E.D.Va.1974) (B.J.). When pertinent laws or rules have only recently gone into effect, some courts have indicated more sympathy for the attorney and a possible inclination to excuse the delay. *See Keenan v. Builders Appliances, Inc.*, 384 F.Supp. 14 (E.D.Wis.1974) (B.J.); *Kanawha Valley Bank v. Hollandsworth*, 2 Bankr.Ct.Dec. 19 (S.D.W.Va.1973) (B.J.).

Except for lack of knowledge of the law, courts have generally been lenient when delays have been caused by attorneys, at least when the delays were only a matter of a few days, being reluctant to penalize clients for minor oversights by counsel. Thus, when complaints were placed in the mail prior to the last day but were not received by the court until afterwards, filing was permitted. *In re Delmonico*, 1 Bankr.Ct.Dec. 1263 (D.Minn.1975) (B.J.); *Beneficial Finance Co. v. Garrett*, 1 Bankr. Ct.Dec. 1543 (S.D.N.Y.1975) (B.J.). When a motion to extend was filed one week after the last day, it was granted after the court

found that the delay resulted from misunderstanding between the creditor's house counsel and local attorney. *Borg Warner Acceptance Corp. v. Canifax*, 2 Bankr.Ct. Dec. 225 (D.Or.1976). And when a motion to extend was made three days after the deadline it was granted even though one of the reasons for the delay was the fact that the creditor's attorney had been out of the country during the period immediately prior to the deadline. *National Bank & Trust Co. v. Hart*, 7 C.B.C. 479 (D.N.J.1975) (B.J.).

Some courts have indicated a willingness to grant extensions when the application is made within 90 days after the first date set for the first meeting of creditors, emphasizing that to do so would not unduly delay administration of the estate since the court could have provided up to that much time initially. *LaSalle National Bank v. Jones*, 560 F.2d 775 (7th Cir. 1977); *In re Radtke*, 1 Bankr.Ct.Dec. 1542 (E.D.Wis.1975) (B.J.).

At least one court has concluded that courts should be less inclined to grant extensions for the filing of complaints objecting to discharge than for the filing of complaints objecting to the dischargeability of a particular debt. *Commercial Bank v. Daniels*, 2 Bankr.Ct.Dec. 526 (D.Or.1976) (B.J.). In that opinion the bankruptcy judge, noting at 529 "that in bankruptcy, even more than in other court practice, there is a manifest intent that matters move rapidly and that finality of orders be achieved," concluded that a court cannot grant a discretionary extension to file a complaint objecting to discharge except in the event that the bankrupt causes or consents to the delay or in the event that the discharge has not yet been entered and valid grounds exist for revocation of same under § 15 of the Act, 11 U.S.C. § 33. The court noted pertinently at 529:

The situation under Sec. 17 is quite different from that under Sec. 14, as objections filed under Sec. 17 do not prevent entry of a bankrupt's discharge nor should they delay the entry of such discharge as they only constitute exceptions to discharge if they are later sustained.

Some courts emphasize that if the delay resulted from matters entirely within the control of the creditor it is not excusable. *E. g., Beneficial Finance Co. v. Manning*, 4 Bankr.Ct.Dec. 304 (D.Conn.1978) (B.J.). Others stress that what is excusable neglect in any particular situation depends in part on the importance of the matter to one party and the prejudice, if any, to the other. *In re Cirves*, 8 C.B.C. 74 (W.D.Wis.1976) (B.J.). Sometimes the courts state that simple negligence does not constitute excusable neglect. *Loving v. Lee*, 4 Bankr.Ct. Dec. 585 (E.D.Va.1978) (B.J.); *In re Starkey*, 1 C.B.C. 138 (W.D.Wis.1973) (B.J.). Where there is a showing of special prejudice to the bankrupt, as when he has negotiated a settlement with the one creditor that filed a timely complaint objecting to dischargeability of a debt in reliance upon its being the only such complaint, the courts are most reluctant to grant an extension. *In re Roethe*, 3 Bankr.Ct.Dec. 75 (W.D.Wis. 1977) (B.J.).

At least one court has indicated that a sophisticated creditor who is in the business of making extensions of credit to individuals who are likely to seek relief under the Bankruptcy Act should be held to a higher standard of care than others. *In re Sharp*, 1 C.B.C. 43 (S.D.Md.1974) (B.J.).

■ From a review of the foregoing, the court concludes that the proper procedure to be followed by a creditor in seeking an extension of time to file a complaint objecting to discharge or dischargeability pursuant to Rule 906(b)(2) and the matters to be considered by the court with regard thereto are as follows:

1. A written motion should be made which includes serving a copy on the attorney for the bankrupt. The motion should have attached thereto an affidavit setting out the reason for the failure to file within the time originally prescribed by the court and either a copy of the proposed complaint or a statement of the grounds for the objection. The motion should be accompanied by a memorandum of pertinent authorities.

2. If the bankrupt's attorney does not respond in opposition to the motion within the time specified by local rule # 2–8(b) the motion should be granted. If the bankrupt's attorney opposes the motion, it should be set for a hearing.

3. At the hearing the creditor should offer proof to substantiate its ground for relief, and the bankrupt may offer any relevant proof including proof as to prejudice caused by the delay. In reviewing the facts and reaching its determination as to whether the delay was excusable, the court should consider:

a. the length of the delay;

b. whether the motion was made promptly under the circumstances;

c. the relief to be sought in the complaint;

d. the merits of the creditor's complaint;

e. the prejudice to the bankrupt;

f. the need for the expeditious administration of bankruptcy matters;

g. the sophistication of the creditor; and

h. whether the delay was caused by the creditor's attorney and, if so, whether it resulted from his lack of knowledge of law or procedure or for other reasons.

4. If the court determines that the delay was excusable but was not caused by the bankrupt, it ordinarily should tax the cost of the proceedings on the motion, including attorneys' fees, to the creditor and condition the grant of an extension on the payment of same.

5. The court shall make a formal finding as to whether the delay was the result of excusable neglect.

■ After reviewing the foregoing authorities, the court is of the opinion that the motion to extend in this case should be denied. The court takes this action with regret, the undersigned having been on the other side of the bench only a few months ago.

Other courts have consistently denied such motions when confronted with late filings resulting from ignorance or misinterpretation of the law. The reason that courts have done so is obvious. To condone failure to comply with rules on the grounds that an attorney thought they were otherwise would be to create an exception to the rules which would result in no compliance with any rules. It is less difficult for a court to permit a late filing which is due to inadvertence or oversight since to do so does not result in derogation of the rules which must be applied uniformly to all. The asserted assumption of the creditor's attorney in this case—that there would be an automatic extension in the event of a continuance of the first meeting of creditors—was not illogical. As several of the cases discussed above indicate, it is appropriate to extend the time for filing complaints when the first meeting of creditors has not been concluded. One purpose of that meeting is to enable creditors to gather information pertinent to the bankrupt's right to a discharge. This court has adopted new local rules effective October 1, 1979, which do provide for an automatic extension of time for filing complaints in the event that the meeting of creditors is continued. But such a local rule did not exist prior to that date. In this case the meeting was held several weeks prior to the date originally fixed for the filing of such complaints and the creditor was not dependent on information gleaned at that meeting for preparation of its complaint.

An additional ground for denying the motion is the manner in which it was made. Motions in bankruptcy court should be handled like motions in any other court and are made upon being served on opposing counsel. In this case this was never done. The bankrupt and his attorney had no notice of any challenge to his right to discharge until over three months after the time for filing such complaints had lapsed. Thus, the motion to extend was not made, if at all, until well after the expiration of the ninety-day period during which some courts have indicated such motions should be liberally granted.

However, reluctantly, the court concludes that the failure to file the complaint within the time originally prescribed by the court results from neglect which was not excusable and the motion to extend the time was not made in a timely manner. In the exercise of its discretion pursuant to Rule 906(b)(2) of the Bankruptcy Rules the court will enter an order denying the motion.