**In re Richard ELLIANO, Debtor.**

**AMERICAN EXPRESS COMPANY, Plaintiff,**

v.

**Richard ELLIANO, Defendant.**

No. 880–1594.

Adv. No. 880–0447.

United States Bankruptcy Court, E. D. New York.

Feb. 24, 1981.

Friend & Reiskind, New York City, for plaintiff.

Richard W. Elliano, debtor pro se.

C. ALBERT PARENTE, Bankruptcy Judge.

This matter is before the Court on the motion filed by American Express Company (hereafter "plaintiff") seeking an order excusing the late filing of its application to determine the dischargeability of its claim against Richard Elliano (hereafter "debtor"). A hearing was held on September 25, 1980.

The facts pertinent to the resolution of the issue presented are as follows.

(1) A voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code was filed by the debtor on April 2, 1980.

(2) On April 24, 1980, the Court entered an order fixing June 19, 1980, as the last day for creditors to file objections to discharge and applications to determine the dischargeability of debts.

(3) The plaintiff filed neither an application to determine the dischargeability of debts nor an application to extend the time to file such application on or before June 19, 1980.

(4) Notwithstanding the bar order, an adversary proceeding was commenced by the plaintiff on June 25, 1980, seeking a judgment declaring the moving party's claim against the debtor nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A).

(5) Sequent thereto and on September 9, 1980, the plaintiff filed a motion seeking an order excusing the late filing of its application to determine the dischargeability of its claim.

The above findings of fact give rise to the following issue: Whether the conduct of the plaintiff in failing to file an application to determine the dischargeability of a debt within the time fixed by an order of this Court dated April 24, 1980, constituted "excusable neglect."

Under the Bankruptcy Act, the date by when applications to determine dischargeability of debts had to be filed was governed by Rule 409(a)(2) of the Rules of Bankruptcy Procedure, which provide in relevant part:

> The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to Section 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

Rule 409(a) permits the Court to extend the time fixed by the Rule when sufficient cause is demonstrated by the creditor. *In re Koritz*, 2 B.R. 408, 6 B.C.D. 47 (Bkrtcy.D. Mass.1979); *In re Legon*, 85 F.Supp. 946 (S.D.N.Y.1949). However, Rule 409(a) does not set forth the standard by which sufficient cause is to be measured.

Sufficient cause has been found where the late filing of the application to determine dischargeability was due to excusable neglect. *In re Gertz*, 1 B.R. 183 (Bkrtcy.C. D.Cal.1979); *In re Young*, 1 B.R. 387 (Bkrtcy.M.D.Tenn.1979). In order for neglect to be excusable, there must be a reasonable basis for the failure of the party to act within the specified period. *In re Gertz, supra; In re Murphy*, 1 B.R. 736 (Bkrtcy.S. D.Cal.1979).

Case precedent has established categories of conduct which constitute excusable neglect: viz., where there is doubt as to whether the creditor received adequate notice of the deadline for filing complaints, *In re Young, supra; In re Wooding*, 1 B.C.D. 451 (D.Kan.1974); mishandling of papers by the bankruptcy court clerk's office which delayed the docketing of the creditor's papers, *In re Garrett*, 6 C.B.C. 736 (S.D.N.Y. 1975); where the creditor mailed its papers prior to the date fixed under Rule 409(a)(2) but was not delivered to the court until after said date due to the slowness of the mails, *In re Delmonico*, 5 C.B.C. 385 (D.Minn.1975); *In re Young, supra*; and where the debtor's action or conduct prevented the creditor from filing timely the applications to determine dischargeability or from obtaining an extension of time in which to file said applications. *Paully v. Magnotti*, 182 F.2d 466 (2nd Cir. 1950); *In re Wooding, supra*.

Conversely, conduct which has been held not to constitute excusable neglect includes: where the late filing results from a lack of knowledge of the law, substantive or procedural, *In re Young, supra; In re Molnar*, 2 C.B.C. 174 (W.D.Pa.1974); difficulty with office help, inadvertence, and the press of other business, *In re Gertz, supra; In re Koritz, supra; In re Murphy, supra*; and

where the delay resulted from matters entirely within the control of the creditor, *In re Young, supra.*

Underlying the Court's finding as to whether the creditor's late filing of an application to determine dischargeability was due to excusable neglect, is the need to strike a balance between the debtor's entitlement to the full benefits of his discharge and the creditor's interest in avoiding same where possible fraud exists. *In re Murphy, supra; In re Koritz, supra; In re Wooding, supra.*

Rule 409, as well as the aforementioned principles of law with respect to Rule 409(a)(2), applies to cases filed under the Bankruptcy Code. *In re Honosky*, 6 B.R. 667 (Bkrtcy.S.D.W.Va.1980); *In re Anderson*, 5 B.R. 43 (Bkrtcy.N.D.Ohio 1980).

In the case at bar, the plaintiff commenced its adversary proceeding seeking a determination that its claim against the debtor is nondischargeable on June 25, 1980, whereas the date fixed pursuant to Rule 409(a)(2) was June 19, 1980. It was not until September 9, 1980, that the plaintiff filed its motion for an order extending the time to file objections to discharge and applications to determine dischargeability.

In support of its motion, the plaintiff contends that the late filing of its application to determine dischargeability was due to two factors: (1) the necessary information to support its claim was not assembled until the middle of June 1980, and was not delivered to the plaintiff's attorney until the day before the date fixed under Rule 409(a)(2); and (2) a bankruptcy cover sheet was not obtained by the plaintiff until after the time to file applications to determine dischargeability had expired. No reason was given why the plaintiff failed to apply for an extension of time prior to June 19, 1980, nor why it took the plaintiff until September 9, 1980, to request such relief.

The Court finds that the plaintiff's basis for the late filing of its application to determine dischargeability does not constitute excusable neglect. The plaintiff's delay resulted from matters entirely within the control of the creditor. Such conduct does not constitute excusable neglect, since the delay could have been prevented by plaintiff's exercise of diligence in applying for an extension of time to file its application. *In re Young, supra; In re Gertz, supra.*

As the Court of Appeals for the Second Circuit has stated:

> The discretionary power recognized should never be used to condone negligence or encourage sloth.

*In re Brecher*, 4 F.2d 1001 at 1002 (2nd Cir. 1925).

Premised on the foregoing principles of law, the plaintiff's motion to excuse the late filing of its application to determine the dischargeability of its claim is denied. The adversary proceeding commenced by the moving party is hereby dismissed pursuant to Rule 409(a)(2).

Settle order.