In re Larry Winston DAUGHERTY, Sr., a/k/a Auto and Home Supply, d/b/a Western Auto Associates Store, and Sara Ann Patterson Daugherty, a/k/a Mrs. Larry W. Daugherty, Sr., Debtors.

In re AUTO AND HOME SUPPLY, INC. d/b/a Western Auto Associates Store, Debtor.

CONSOLIDATED SHOPPERS CREDIT PLAN, INCORPORATED, Plaintiff,

v.

Larry Winston DAUGHERTY, Sr., Sara Ann Patterson Daugherty, and Auto & Home Supply Company, Incorporated, Defendants.

Bankruptcy Nos. 3–81–01927, 3–81–01898. Adv. No. 3–82–1241.

United States Bankruptcy Court, E.D. Tennessee.

July 21, 1983.

Francis W. Headman, Knoxville, Tenn., for plaintiff.

Richard Stair, Jr., Knoxville, Tenn., for defendants.

MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

This matter is before the court on the defendants' motion to dismiss the complaint filed against them for failure to state a claim upon which relief can be granted. Bankruptcy Rule 712(b); Fed.R.Civ.P. 12(b)(6). The specific issue is whether a debt owing to plaintiff may now be excepted from discharge even though plaintiff's complaint was filed some ten months after the date fixed by the court for filing com-

plaints to determine dischargeability of debts under 11 U.S.C.A. § 523(a)(2) (1979).[1]

## I

Debtors Larry Winston Daugherty, Sr., and Sara Ann Patterson Daugherty filed their joint chapter 7 bankruptcy petition on December 29, 1981. The *Order for Meeting of Creditors and Fixing Times for Filing Objections to Discharge and For Filing Complaints to Determine Dischargeability of Certain Debts, Combined with Notice Thereof And of Automatic Stay* was forwarded to the debtors, creditors, and other parties in interest on January 5, 1982. March 1, 1982, was fixed as the last day for filing either objections to the discharge of the debtors, 11 U.S.C.A. § 727 (1979), or complaints to determine the dischargeability of debts pursuant to 11 U.S.C.A. § 523(c) (1979). No complaint was filed seeking denial of the debtors' discharge and no complaint was filed seeking a determination of nondischargeability of a debt. The debtors were granted a discharge on April 7, 1982, and notice thereof was given to all creditors and the trustee. Interim Bankruptcy Rule 4002. On April 22, 1982, the case was closed. 11 U.S.C.A. § 350(a) (1979).

On December 28, 1982, the plaintiff commenced this adversary proceeding by filing a complaint entitled "Petition for Revocation of Discharge." Thereafter, on February 11, 1983, the debtors filed a motion, pursuant to Bankruptcy Rule 712,[2] seeking an order dismissing the complaint for failure to state a claim upon which relief could be granted. Upon leave of the court, plaintiff filed its "Amendment to Petition for Revocation of Discharge" on April 4, 1983.

At the time of oral argument on the debtors' motion to dismiss, plaintiff conceded that the relief sought was not revocation of the general discharge received by the debtors under Code § 727, but a determination of nondischargeability of the debtors' indebtedness to the plaintiff.[3]

Although the date fixed for filing complaints to determine dischargeability of debts under Code § 523(a)(2) passed ten months previous to the commencement of this action, plaintiff nonetheless maintains its "out of time" complaint should not be dismissed. Plaintiff contends it was "unable to ascertain the extent and full nature of the debtors' fraud in time to have appeared and asked that [its] debt be excepted from the operation of a discharge ...." Amendment to Petition for Revocation of Discharge at 4. Defendants acknowledge that Bankruptcy Rule 906(b) generally permits an enlargement of time. However, they insist that Bankruptcy Rule 906(b)(2) requires plaintiff to establish excusable neglect before the Rule becomes operative. Contending Fed.R.Civ.P. 60(b) is applicable, plaintiff asserts that excusable neglect is not a necessary predicate to an enlargement of time.

## II

Plaintiff avers it entered into a contract on November 20, 1980, with debtor Larry W. Daugherty, Sr. whereby plaintiff purchased certain accounts receivable of Auto and Home Supply Company, Inc., a corporation solely owned by Larry W. Daugherty, Sr.[4] Further, plaintiff alleges the contract

---

1. The original complaint filed by plaintiff on December 28, 1982, sought revocation of the defendants' discharge, 11 U.S.C.A. § 727(d) (1979), previously granted on April 7, 1982. An amendment filed April 4, 1983, seeks a holding of nondischargeability of certain debts owing to plaintiff.

2. Subsection (b) of this rule provides that, with modifications immaterial herein, subdivisions (b) through (h) of Fed.R.Civ.P. 12 apply in adversary proceedings.

3. The plaintiff's amended pleading recites in material part:

"2. That at the hearing the debt due this plaintiff be excepted from the effect of a discharge granted to the above captioned debtors [Larry Winston Daugherty, Sr., Sara Ann Patterson Daugherty]." Amendment to Petition for Revocation of Discharge at 4.

4. The voluntary chapter 7 petition of Auto and Home Supply, Inc. d/b/a Western Auto Associates Store was filed on December 21, 1981. Obligations of a corporate debtor are nondischargeable in a chapter 7 case. 11 U.S.C.A. § 727(a)(1) (1979).

provided that plaintiff would do all of the billing and collecting for Auto and Home Supply, Inc., in consideration of a percentage of the amount collected. Notwithstanding, the debtors made multiple assignments to other entities. Plaintiff also alleges that the accounts were subject to two prior security interest when assigned to plaintiff.

Plaintiff asserts that it is entitled to have the debtors' obligation to it excepted from their discharge pursuant to 11 U.S.C.A. § 523(a)(2) (1979).[5] With exceptions immaterial herein, Bankruptcy Code § 523(c) recites in part:

> [T]he debtor shall be discharged from a debt specified in paragraph (2) ... of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under ... this section.

The legislative history of Code § 523 is noteworthy:

> The Rules of Bankruptcy Procedure will specify, as they do today, who may request determinations of dischargeability, subject, of course, to proposed 11 U.S.C.A. § 523(c), and when such a request may be made.
>
> .    .    .    .    .
>
> Subsection (c) requires a creditor who is owed a debt that may be excepted from discharge under paragraph (2), (4), or (6) (false statements, embezzlement or larceny, or willful and malicious injury) to initiate proceedings in the bankruptcy court for an exception to discharge. If the creditor does not act, the debt is discharged. This provision does not change current law.

H.Rep. No. 595, 95th Cong. 1st Sess. 363–65, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5963, 6319–21.

Bankruptcy Rule 409(a)[6] (Proceeding to Determine Dischargeability) recites:

> (1) *Persons Entitled to File Complaint; Time for Filing in Ordinary Case.* A bankrupt or any creditor may file a complaint with the court to obtain a determination of the dischargeability of any debt. Except as provided in paragraph (2) of this subdivision, the complaint may be filed at any time, and a case may be reopened without the payment of an additional filing fee for the purpose of filing a complaint under this rule.
>
> (2) *Time for Filing Complaint ....* The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to section 35(c)(2) of this title [Code § 523(c)]. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. *The court may for cause,* on its own initiative or on application of any party in interest, *extend the time fixed under this paragraph.* (Emphasis added.)

Although Collier's discussion of Code § 523(c) and Bankruptcy Rule 409(a) suggests that an "out of time" complaint to determine dischargeability is impermissi-

---

**5.** A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

   (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
   (A) false pretenses, a false representation, or actual fraud, other than a statement re-

specting the debtor's or an insider's financial condition; ....

11 U.S.C.A. § 523(a) (1979).

**6.** Interim Bankruptcy Rule 4003 (Determination of Dischargeability of a Debt; Judgment on Nondischargeable Debt; Jury Trial) provides for the continued applicability of Bankruptcy Rule 409(a) in cases filed under chapter 7 of the Bankruptcy Code.

ble,[7] Bankruptcy Rule 906(b) permits such a complaint:

> *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect .... [Immaterial herein]

This rule explicitly requires that "excusable neglect" be established as a condition precedent to any enlargement of time.

Although distinguished by the fact that the debtor had not received a general discharge, the circumstances in the case of *In re Webb,* 8 B.R. 535 (Bkrtcy.S.D.Tex.1981) are similar to those in the case before the court. In *Webb* scheduled creditors of the debtor were noticed on March 24, 1980, that June 15, 1980, was the last day for filing complaints to determine dischargeability of debts under Code § 523(a)(2), (4), or (6). On October 27, 1980, more than four months after the June 15th deadline, a motion was filed for additional time within which to file a complaint to determine dischargeability of a debt to Cullen Bank & Trust. A loan review officer of the Bank averred in his affidavit that until mid-August he was unaware of the possibility that the debtor had defrauded the Bank and that fraud could be an exception to the dischargeability of a debt. Despite the fact the debtor's file had been in the custody of this loan review officer since June 1980, the officer indicated in his affidavit that he did not even begin to investigate the debtor's file until mid-August. Due to inaction by either the loan review officer or the Bank's attorney, the motion to enlarge the time for filing a complaint to determine discharge-ability was not filed until two months after discovery of the possible basis for exception to discharge.

Observing that a proof of claim had been filed on behalf of the Bank by its attorney on June 6, 1980, previous to the deadline for complaints to determine dischargeability under Code § 523(a)(4), Bankruptcy Judge Blinn stated:

> If in fact there was so little communication between Cullen and its attorney that the latter did not learn of a potential exception to discharge until over two months after the discovery of the alleged fraud, that is unfortunate and perhaps neglect but not "excusable neglect." (Citations omitted.)

Cullen argues that the granting of an extension of time for it to file a complaint to determine the dischargeability of its debt will not prejudice the debtor, but as held in *In re Rogers,* 2 B.R. 485 (Bkrtcy.W.D.Va., 1979): "One cannot say that there was not prejudice to the bankrupt when it received notice of an objection to discharge one month after the filing deadline." Cullen is four months late in filing its complaint, and it would be difficult to find that the debtor will not be prejudiced by this Court's permitting such an untimely filing.

Cullen has not shown a reasonable basis for its untimely action; it appears that Cullen's omission is in the nature of ordinary negligence. However understandable or excusable in another setting, this neglect is not excusable within the meaning of Rule 906(b)(2) of the Bankruptcy Rules.

*In re Webb,* 8 B.R. 539.

*In re Young,* 1 B.R. 387 (Bkrtcy.M.D. Tenn.1979), a case decided under the former

---

7. 3 Collier on Bankruptcy ¶ 523.21 (15th ed. 1982) states in pertinent part:

> Following the general design of the Code to leave most procedure to rules, section 523(c) fixes no time limit within which the creditor must initiate the proceeding to determine dischargeability of the debt. Rule 409(a) prescribes the time to be fixed by the court within which the complaint must be filed.

> A creditor holding a debt claimed to be nondischargeable under section 523(a)(2) ... must file his complaint within the time so fixed by the court. *Failure to do so results in such debt being discharged.* (Emphasis in original.)

Bankruptcy Act but nonetheless applicable in the case *sub judice,* includes a list of factors the court should consider when an extension of time to file a complaint to determine dischargeability is requested:

    (i) length of the delay;

    (ii) promptness of the motion under the circumstances;

    (iii) relief to be sought in the complaint;

    (iv) merit of the creditor's complaint;

    (v) prejudice to the bankrupt (debtor);

    (vi) need for expeditious administration of bankruptcy matters;

    (vii) sophistication of the creditor; and

    (viii) whether the delay was caused by the creditor's attorney and, if so, whether it was a consequence of the attorney's lack of knowledge of either law or procedure or for other reasons.

*In re Young,* 1 B.R. 392.

■ Applying the *Young* factors in the instant case, it is initially noted that the delay in filing was nearly ten months. Even then, instead of filing a motion and an accompanying affidavit explaining the delay, plaintiff filed a petition requesting revocation of the debtors' general discharge. Three months later, and one month subsequent to a hearing on the debtors' motion to dismiss, plaintiff filed its amendment requesting a determination of nondischargeability of its claim. Plaintiff is a scheduled creditor of individual debtors herein and Auto and Home Supply, Inc., Larry W. Daugherty's solely owned corporation.[8] Indeed, the bankruptcy file of Auto and Home Supply, Inc. reflects that William Gryder, president of the plaintiff, attended the Code § 341(a) meeting of creditors on January 26, 1982. Representatives of other secured creditors having priority against the Auto and Home Supply, Inc. accounts receivable were likewise present. An interim report filed on March 31, 1982, by the trustee in the Auto and Home Supply, Inc. case reflects the existence of a dispute with respect to priority of

creditors to the debtor's accounts receivable. Clearly, the delay in this case is undue, and plaintiff has been dilatory under the circumstances in seeking to have its claim determined to be nondischargeable. Although the complaint of the plaintiff may be meritorious, there is no apparent excuse for plaintiff's delay in this case. Prejudice is presumable under the circumstances. *See In re Webb,* 8 B.R. 535, 539 (Bkrtcy.S.D. Tex.1981). There is no assertion that the plaintiff is an unsophisticated creditor or that the delay is attributable to plaintiff's attorney. The neglect in this case is not excusable; hence, an enlargement of time pursuant to Bankruptcy Rule 906(b)(2) is inappropriate.

With exceptions immaterial herein, Bankruptcy Rule 924 provides for the applicability of Fed.R.Civ.P. 60 in bankruptcy cases. Subsection (b) of Rule 60 recites in relevant part:

    *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b).

Relief under this rule is a matter within the discretion of the court.

■ Considering the undue delay in this case, the court declines to afford relief to

---

**8.** See note 4, *supra.*

the plaintiff on any basis enumerated in Fed.R.Civ.P. 60(b). The court is not indifferent to the plaintiff's serious allegations of fraud. However, it is apparent to the court that an inordinate delay occurred between the time plaintiff knew or should have known of the debtors' alleged wrongdoing and the time plaintiff took action. Some eleven months elapsed between the Auto and Home Supply § 341(a) meeting of creditors attended by plaintiff's president and the filing of plaintiff's complaint. Assuming *arguendo* that the priority conflict involving the Auto and Home Supply accounts receivable was not discovered at the § 341(a) meeting on January 26, 1982, plaintiff either knew or should have known of the dispute concerning the Auto and Home Supply accounts receivable when the trustee's interim report was filed on March 31, 1982.[9]

The debtors' motion to dismiss will be granted. This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

---

**9.** Even though plaintiff could not reasonably be expected to have known about specific instances of alleged fraud, averred in its pleadings, on or before March 31, 1982, plaintiff either knew or should have known of the conflicting security interests in the accounts receivable which had not been disclosed to plaintiff.