In re Bernard L. JONES, Bankrupt.

LaSALLE NATIONAL BANK, as Conservator of the Estate of Robert L. Jones, Appellant,

v.

Bernard L. JONES, Bankrupt-Appellee.

No. 76–1794.

United States Court of Appeals, Seventh Circuit.

Argued April 20, 1977.

Decided Aug. 11, 1977.

Louis W. Levit, Chicago, Ill., for appellant.

Sidney Sherman, Chicago, Ill., for appellee.

Before FAIRCHILD, Chief Judge, TONE, Circuit Judge, and HOLDER, District Judge.*

HOLDER, District Judge.

LaSalle National Bank of Chicago ["LaSalle"] appeals from a judgment of the district court reversing the referee in bankruptcy's determination that LaSalle's claim against the bankrupt was not discharged. 11 U.S.C. § 35(c). We reverse.

LaSalle is conservator of the estate of Robert L. Jones, an incompetent. On April 25, 1974, LaSalle recovered a judgment in the Circuit Court of Cook County, Illinois, for $33,586.75 against Bernard L. Jones, Robert's father. That court found that Bernard, under a power of attorney from Robert, had misappropriated Robert's Veterans Administration and Social Security disability benefits. On October 15, 1974, Bernard filed his petition for voluntary bankruptcy and scheduled this judgment as a debt. Bernard procured an ex parte restraining order from the bankruptcy court on October 30, 1974, restraining LaSalle from proceedings to satisfy its judgment. The referee in bankruptcy entered the usual orders setting the first meeting of creditors on November 7, 1974, and setting December 11, 1974, as the last date for filing objections to discharge and/or complaints to determine dischargeability of debts. 11 U.S.C. § 32(b)(1). No complaint or other application to determine dischargeability was filed on or before the latter date. However, on December 5, 1974, Bernard, at the instance of the state court, moved the bankruptcy court to reconsider the October 30th restraining order. The restraining order was vacated on December 13, 1974, the referee in bankruptcy having heard arguments of counsel for the bankrupt and for LaSalle and "having reviewed the nature of the claim of LaSalle National Bank as Conservator * * * " (App. 5).

■ On December 17, 1974, Bernard filed his adversary proceeding complaint for declaration of the LaSalle debt's discharge. On January 3, 1975, LaSalle filed its answer, asserting that the debt for which declaration of dischargeability was sought was nondischargeable as created by the bankrupt's fraud, embezzlement, misappropriation or defalcation while acting as a fiduciary, 11 U.S.C. § 35(a)(4). The answer

* The Honorable Cale J. Holder of the United States District Court for the Southern District of Indiana is sitting by designation.

prayed for a determination that the debt was not discharged. Hearing on the issues framed by complaint and answer was held on January 16, 1975, and the referee in bankruptcy found that the debt was not discharged. On appeal to the district court, the referee's decision was reversed, not on the substantive question of the nature of the debt, but because LaSalle had failed to timely file a complaint seeking determination of dischargeability pursuant to § 17(c)(2) of the Bankruptcy Act. 11 U.S.C. § 35(c)(2). The district court rejected La-Salle's contention that a retroactive extension of time for filing had been impliedly granted by the referee and that application for determination of dischargeability may be made by answer as well as by complaint. Either may serve the purpose of an "application" within the meaning of 11 U.S.C. § 35(c)(2) or a complaint within the meaning of Bankruptcy Rule 409(a)(2).

The Bankruptcy Act has always provided for general discharges and for hearings in the bankruptcy court on objections to such a discharge. 11 U.S.C. § 32. The general discharge had to be set up by the bankrupt as an affirmative defense in any subsequent action on the debt. It was only then that the effect of the discharge upon the specific debt was determined. The Bankruptcy Act itself enumerates eight categories of liability that are not affected by grant of a discharge. 11 U.S.C. § 35(a). The applicability of any such exception was determined by the court in which the creditor happened to have brought suit. If discharge was not raised as an affirmative defense, it was waived and the court, state or federal, could proceed to judgment on the debt. See *In re Innis,* 140 F.2d 479 (7th Cir. 1944). Congressional dissatisfaction with this bifurcation of roles between the bankruptcy court which grants the discharge and the non-bankruptcy court which determines its effect focused on three statutory exceptions to the general discharge's effect. 11 U.S.C. § 35(a)(2), (4) and (8). Clause (4) deals with misappropriation of a fiduciary at issue in this case. The Dischargeability Act of 1970 accordingly provided for permissive determination by the bankruptcy court of the

dischargeability of any debt. 11 U.S.C. § 35(c)(1). But the three categories of debts mentioned above were required to be presented to the bankruptcy court for determination; absent such determination the debt is discharged:

A creditor who contends that his debt is not discharged under clause (2), (4), or (8) of subdivision (a) of this section must file an application for determination of dischargeability within the time fixed by the court pursuant to paragraph (1) of subdivision (b) of section 32 of this title and, unless an application is timely filed, the debt shall be discharged. 11 U.S.C. § 35(c)(2).

Here, the bankrupt contends, and the district court held that determination of dischargeability of this debt could not be entertained by the referee, and that the debt was thus discharged by operation of law, for two reasons. First, the application was not timely and no timely motion for enlargement of time to file such application was filed. Second, the application by the creditor appears as an answer to the bankrupt's adversary proceeding complaint rather than in a creditor's complaint as required by Bankruptcy Rule 409(a)(2).

The referee in bankruptcy has the authority to grant extensions of time both for objections to discharge and applications for dischargeability determination. 11 U.S.C. § 32(b)(1), *In re Solomon,* 506 F.2d 463 (7th Cir. 1974) (objection to discharge); *Keenan v. Builders Appliances, Inc.,* 384 F.Supp. 14 (E.D.Wis.1974) (application for dischargeability determination). Authority to extend time for filing of applications for determination of dischargeability of a debt is specifically recognized by Bankruptcy Rule 409(a)(2). In this case there was neither a motion for extension made by La-Salle nor any order by the referee extending the time. The referee in bankruptcy did entertain the matter and did grant the relief prayed for in LaSalle's answer: determination that the debt arose

out of the fraud, embezzlement, misappropriation and defalcation of bankrupt

while he was acting in a fiduciary capacity and therefore said judgment is not discharged by virtue of the provisions of Section 17(a)(4) of the Bankruptcy Act. Order of January 24, 1975 (App. 14).

From the above a retroactive extension of time is fairly implied. Objections to grant of a general discharge are procedurally analogous to applications for determination of the dischargeability of particular debts regarding applicable time limitations and extensions thereof. They are both governed by § 14(b)(1) of the Bankruptcy Act. 11 U.S.C. § 32(b)(1). That section provides:

> The court shall make an order fixing a time for the filing of objections to the bankrupt's discharge and a time for the filing of applications pursuant to section 35(c)(2) of this title to determine the dischargeability of debts, which time or times shall not be less than thirty days nor more than ninety days after the first date set for the first meeting of creditors. Notice of such order shall be given to all parties in interest as provided in section 94(b) of this title. The Court may, upon its own motion or, for cause shown, upon motion of any party in interest, extend the time or times for filing such objections or applications.

In the case of an untimely objection to a general discharge it has been held that where the referee accepts such an untimely objection, notifies the bankrupt of its filing, and holds a hearing upon it, there is evidenced a granting of a motion to extend time. *In re Massa*, 133 F.2d 191 (2d Cir. 1943). The same treatment is appropriate here. The bankrupt asserts that in the course of an adversary proceeding the referee intimated that this particular debt falls under § 17(a)(4) of the Bankruptcy Act, 11 U.S.C. § 35(a)(4), but that filing of application for determination of dischargeability pursuant to § 17(c)(2) of the Act, 11 U.S.C. § 35(c)(2), was not required. From

this bankrupt argues that the referee's action cannot be evidence of grant of an extension of time. This contention must fail, however, because the referee did in fact grant LaSalle affirmative relief by determining the debt nondischargeable, in accordance with the prayer for relief of LaSalle's answer, on a ground clearly subject to the time limitations set out in § 14 and in the referee's order. That the referee thought such application to be merely optional in this case, a position both parties now concede to be error, does nothing to negative the implication of an extension where the supposed option was exercised. The referee's error in this matter does nothing more than reinforce the propriety of an extension of time in this case in accordance with this court's general reluctance to penalize litigants for the untimeliness of their counsel where the untimeliness was the product of a reasonable misapprehension. See *Vac Air, Inc. v. John Mohr & Sons, Inc.*, 471 F.2d 231 (7th Cir. 1973). LaSalle's application, though untimely by the terms of the referee's orders, was filed within the ninety day period established by Congress in the statute. The delay, then, would not be likely to impair the orderly course of the proceedings.[1]

No prejudice to the bankrupt being alleged or found, extension of time was not an abuse of discretion in this case.

Bankrupt next contends that the application was not properly before the referee because it was presented in an answer rather than a complaint as required by Bankruptcy Rule 409(a)(2). The Bankruptcy Act, as amended by the Dischargeability Act of 1970, speaks only of a creditor's "application" for determination of dischargeability. Bankruptcy Rule 409(a)(2) provides that

> [t]he court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to section 35(c)(2) of this title.

1. What is said here is in no manner meant to disturb the holding in *In re Solomon*, 506 F.2d 463 (7th Cir. 1974), that 11 U.S.C. § 32(b)(1) does not limit the referee's power to grant an extension beyond the ninety day period for filing of objections to discharge. The issue is not presented in the instant case.

This specification that "application" is to be made by "complaint" must be understood in the context of the adversary proceeding which the Bankruptcy Rules prescribe for determination of dischargeability. Bankruptcy Rule 701 provides, in pertinent part:

The rules of this Part VII [Adversary Proceedings] govern any proceeding instituted by a party before a bankruptcy judge to * * * (7) determine the dischargeability of a debt. Such a proceeding shall be known as an adversary proceeding.

Part VII of the Bankruptcy Rules generally adapt the Federal Rules of Civil Procedure to the special procedural needs of bankruptcy. Many provisions of the Rules of Civil Procedure are simply incorporated by reference. Thus, Bankruptcy Rule 707, governing pleadings allowed, states: "Rule 7(a) of the Federal Rules of Civil Procedure applied in adversary proceedings." Thus the pleadings generally allowed in civil actions are to be employed in adversary proceedings. The substitution of the word "complaint" in the Bankruptcy Rule for "application" in the statute can have no other purpose than to achieve consistency with the Part VII adversary proceeding rules. If no other person has initiated an adversary proceeding with respect to a § 17(c)(2) debt then the creditor must do so and the document by which this is done will of course be a complaint. Bankruptcy Rule 703. But to hold that where another has already commenced an adversary proceeding on the debt the creditor must still commence another and parallel proceeding on what amounts to a compulsory counterclaim would make the language of the rules promote the very waste, duplication, and diseconomy the rules were designed to avoid. That the affirmative relief prayed for in the answer was not specifically denominated a counterclaim is not significant where, as here, the pleading is clear that such relief is sought. Bankruptcy Rule 708; Federal Rules of Civil Procedure, Rule 8(c).

Finally, the bankrupt argues that the referee erred in this determination that the debt was created by a fiduciary's fraud, embezzlement, misappropriation or defalcation. The district court did not reach the substantive merits of this action. Such matters will be considered on remand.

Accordingly, the judgment is reversed and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.