**In re Paul CASSIMATIS, Bankrupt,**

**AMERICAN EXPRESS CO., Plaintiff,**

**v.**

**Paul CASSIMATIS, Defendant.**

**No. 7 5–295 C(B)(C).**

United States District Court,
E. D. Missouri, E. D.

Nov. 16, 1977.

Curtis L. Mann, Clayton, Mo., Wally J. Pankowski, P. Terence Crebs, W. Dudley McCarter, St. Louis, Mo., for plaintiff.

REGAN, District Judge.

This is an appeal from the order of Bankruptcy Judge Taylor denying the objections of American Express Company to the discharge of bankrupt, Paul Cassimatis, and granting the discharge.

American Express Company is a creditor of bankrupt in the sum of $11,720 the debt having been incurred by use of an American Express credit card. In the course of the bankruptcy proceeding American Express Company filed a complaint for determination of non-dischargeability of the debt, alleging that the card was used by bankrupt with the intention of defrauding American Express. A jury trial was demanded and the matter was referred to the District Court for hearing. A second amended complaint was filed joining a Count II wherein plaintiff objected to the discharge of bankrupt on the ground that he failed to obey the order of the Bankruptcy Court to advise the Court of his change of address and change of residence. A motion to dismiss Count II was overruled by the Court.

Only Count I was tried in the District Court, the Court directing a verdict thereon for bankrupt on the ground that the evidence adduced was insufficient.[1]

Thereafter, on January 7, 1977, for the reason neither party was entitled to a jury trial of the issues raised by Count II, this Court referred Count II to Bankruptcy Judge Taylor to hear and determine. Subsequently, a third amended complaint was filed adding a Count III objecting to the discharge of bankrupt on the additional ground that he committed various specified offenses punishable by imprisonment under Title 18, U.S.C., Section 152. On January 25, 1977, Bankruptcy Judge Taylor overruled the bankrupt's motion to dismiss Counts II and III and set the matter for hearing on March 18, 1977. The Bankruptcy Judge had theretofore extended the time for filing objections to discharge to March 24, 1977.

At the hearing on the objections to discharge which was held on March 18, 1977, the bankrupt did not appear although he had been duly notified. American Express presented evidence. During the hearing, the Bankruptcy Judge expressed misgivings concerning the validity of his order extending the time to file objections to discharge. Following the conclusion of the hearing and on the same day, the Bankruptcy Judge entered his order denying the objections to discharge and finding that the bankrupt was entitled to his discharge. Thereafter, following the appeal herein, the Bankruptcy Judge filed what he designated "Memorandum Opinion to Accompany Record on Appeal," to the effect that he was in error in allowing Counts II and III to be filed out of time but that he nevertheless permitted the hearing to be held because he was "anxious to see that justice was done." In addition, he stated that the appeal was frivolous and that this Court should assess attorneys' fees against American Express to pay the attorneys who re-entered the case to handle the appeal. We judicially know that said attorneys were not employed by bankrupt but entered their appearance for him solely because the Bankruptcy Judge specifically requested they do so. We subsequently on motion and order to show cause, vacated the appearance of such counsel.

In our judgment, the Bankruptcy Court had the authority to extend the time for filing objections to discharge and in allowing them to be filed more than a year later than the original date fixed for filing objections. This is particularly true where, as here, the creditor had filed a timely complaint seeking a determination of non-

1. An appeal from the judgment entered on the directed verdict is presently pending in the Court of Appeals for the Eighth Circuit.

dischargeability. See *In re Solomon*, 7 Cir. 1974, 506 F.2d 463. And see *In re Magee*, W.D.Mo.1976, 415 F.Supp. 521, holding that it was proper to hear a creditor's complaint on the merits even though it was filed after the expiration of the time for filing objections to discharge.

■ As we have noted, Count II of the complaint was based on the bankrupt's alleged violation of and refusal to obey the continuing order of the Bankruptcy Court to keep it advised of any change of address during the course of the administration. It would be unrealistic to hold that mere passage of time could preclude the filing of an objection to discharge on such grounds—grounds which may not come into existence until after the time fixed for filing objections. It is to be noted that the Court has power to revoke a discharge if it shall appear that the bankrupt refused to obey a lawful order of the Court. Section 33, 11 U.S.C. Here, a discharge had not been granted prior to the scheduled hearing on the objections to the discharge.

Of vital significance is the fact that the bankrupt failed to appear at the hearing on the objections. The Bankruptcy Act specifically provides (Section 32(e), 11 U.S.C.) that if the bankrupt fails to appear at the hearing upon the objections to his application for a discharge, *he shall be deemed to have waived his right to a discharge*. In this situation we hold that it was an abuse of discretion for the Bankruptcy Judge to set aside his previous order granting an extension of time to file objections for the evident purpose of relieving the bankrupt from the legal consequences of his unjustified failure to appear at the hearing.

■ The bankrupt having waived his right to discharge, the Bankruptcy Court was in error in holding that "even though Mr. Paul Cassimatis is not present and is not represented by counsel, the Court is charged with the duty of seeing that there is sufficient evidence to warrant (sustaining the objections to discharge)" and insisting on hearing the testimony.

■ In this state of the record, the merits of the objections should not have been considered. To the extent they may be before us, we are convinced that the objections should have been sustained. The uncontradicted, credible, evidence proves that the bankrupt was guilty of fraudulent concealment of property as well as of having made a false oath in scheduling a transfer of property. The absence of bankrupt at the hearing hampered the creditor in its presentation of these matters. To the extent the ruling of the Bankruptcy Court may be construed as findings of fact adverse to American Express, we hold that such findings are clearly erroneous.

We are convinced that for reasons which are not entirely apparent of record, the Bankruptcy Judge sought to discourage American Express from taking an appeal, and if it did so, to make the successful prosecution of the appeal more difficult in order to vindicate himself. The strong personal feeling of the Bankruptcy Judge against American Express was demonstrated by the fact that although only the bankrupt was the real party in interest, he initially considered ordering the trustee to retain an attorney at the expense of the estate to defend his order, and then personally requested other counsel, who had not been employed by the bankrupt, to represent the bankrupt (in effect, the Court) on the appeal. Having done that, he gratuitously suggested that this Court order such counsel compensated out of the bankrupt estate so that American Express would, if unsuccessful, get nothing. Parenthetically, we note that of the approximately $2,000 for distribution to creditors, American Express would receive about 90 per cent.

Having fully considered the matter, IT IS HEREBY ORDERED that the order of the Bankruptcy Court appealed from be and the same is hereby reversed and this matter is remanded to the Bankruptcy Court with directions to deny a discharge to bankrupt.