In re Martin B. FEIBISH, Gloria S. Feibish, d/b/a Martin B. Feibish Clu Insurance Broker, Debtors.

Alan and Charlotte HOPFENBERG, Plaintiffs,

v.

Martin B. FEIBISH, Gloria S. Feibish, d/b/a Martin B. Feibish Clu Insurance Broker, Defendants.

Bankruptcy No. 8300135.
Adv. No. 830186.

United States Bankruptcy Court, D. Rhode Island.

Oct. 28, 1983 as of July 29, 1983.

Larry Dub, Russell D. Raskin, Providence, R.I., for plaintiffs.

Louis A. Geremia, Raymond J. Surdut, Providence, R.I., for defendants.

DECISION GRANTING PLAINTIFFS' MOTION TO EXTEND TIME TO FILE COMPLAINT, AND DENYING DEFENDANTS' MOTION TO DISMISS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On the day after the last date fixed for filing complaints objecting to discharge or to determine dischargeability, two creditors, Alan and Charlotte Hopfenberg, filed a complaint objecting to discharge; five days thereafter, they filed a motion to extend the time within which to file said complaint. The debtors [1] object to the motion to extend time, and move to dismiss the creditors' complaint on the ground that this complaint was filed out of time. The motions, and objections thereto, were heard on June 21, 1983.

The relevant chronology is as follows: The debtors filed a joint Chapter 7 petition on February 22, 1983. On March 25 the Clerk of the Bankruptcy Court notified creditors by mail that the § 341 meeting of creditors would be held on April 21, and that the last day for filing complaints objecting to discharge or to determine dischargeability was May 25, 1983. Counsel for the plaintiffs [2] filed a complaint objecting to discharge on May 26, and on May 31

---

1. After the June 21 hearing on the creditors' "Motion for Extension of Time to File Objection to Entry of Discharge," consent judgments were entered removing Gloria S. Feibish as a defendant in this adversary proceeding. For convenience, reference is consistently made to "the debtors," although it would be more accurate to refer to "the debtor Martin B. Feibish" in some instances.

2. Plaintiffs are represented by two attorneys, one of whom appeared at the June 21, 1983 hearing. Both attorneys have remained counsel of record throughout this proceeding, and reference is consistently made to "counsel," without distinguishing between them.

filed a "Motion for Extension of Time to File Objection to Entry of Discharge."

At issue, obviously, is why the instant complaint should not be dismissed for failure to meet the filing deadline. It is undisputed that plaintiffs' counsel had ample notice of the May 25 cutoff date. What is not at all clear is why they failed to meet that deadline. Several explanations were offered, all but one of which the Court finds incomprehensible.[3]

The one explanation which we understand, but disagree with, is that counsel believed that it is the practice of this Court to extend automatically the date for filing complaints objecting to discharge or to determine dischargeability until the first meeting of creditors has been concluded. That belief, of course, is erroneous, without factual basis, and merits little discussion, but in order to clear up any possible confusion on the subject, we make the following brief comment. In this case the § 341 meeting, first held on April 21, 1983, was adjourned before creditors' counsel completed examination of the debtors. The next scheduled § 341 meeting was not held until after the last date for filing complaints objecting to discharge had passed. Both attorneys for the plaintiffs, and the trustee who was called as a witness, appear to have misread Local Rule 9009(1)(a), which plainly provides for automatic extension of the time for filing objections to discharge when the § 341 meeting is continued "for failure of the debtor or his attorney to appear." In this case both of the debtors and their attorney appeared at the § 341 meeting, counsel knew this, and in light of their extensive experience before this court, knew or should have known that Local Rule 9009(1)(a) would not be applicable in this case.

Rules 404(c) and 409(a)(2) of the Rules of Bankruptcy Procedure are controlling here,[4] and both rules provide that the Court may, "for cause," extend the time fixed for filing complaints.[5]

Although Bankruptcy Rule 906(b) provides the general criteria for enlargement of time, that rule is inapplicable here because of "the more specific provisions controlling discharge in Rule 404(c) and dischargeability in Rule 409(a)(2)." *Middlesex Insurance Co. v. Koritz (In re Koritz),* 2

---

**3.** For example, one of counsel's explanations for failing to file before May 25 was that counsel *intentionally* let the deadline pass in order to protect his clients against the imposition of attorney's fees (pursuant to § 523(d)) in the event that the plaintiffs did not prevail on the merits. In the first place, counsel has misread § 523(d), which refers to "dischargeability of a *consumer debt*" (emphasis added), whereas the complaint alleges that the debtors embezzled funds and obtained property from the creditors under false pretenses. Furthermore, the obvious course to pursue when counsel is not prepared to file a complaint within a deadline, is to file a motion for extension of time. Such motions are routinely granted when there appears to be any reasonable ground for such an extension.

**4.** Counsel for the plaintiffs have failed to distinguish, or used interchangeably, a complaint to determine dischargeability, where the time for filing is governed by Rule 409(a)(2), with a complaint objecting to discharge, governed by Rule 404(c). Counsel are fortunate, however, in that both Rules provide for extension of time "for cause".

**5.** Rule 404(c) provides:

(c) *Extension of Time.* The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge. Rule 409(a)(2) provides:

(a) *Proceeding to Determine Dischargeability.*

(2) *Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed.* The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

B.R. 408, 413 (Bkrtcy.D.Mass.1979). Thus, the issue is whether there is "cause" to extend the May 25 filing deadline fixed by this Court.

Rules 404(a) and 409(a)(2) both provide that the deadline for filing complaints objecting to discharge or to determine dischargeability could have been set as late as 90 days after the § 341 meeting held on April 21. Here, both the complaint objecting to discharge and the motion to extend the time for filing said complaint, although filed after the May 25 deadline fixed by the Clerk, were filed within 90 days after April 21. Although in an "old Act" context, one court has recently (1979) stated:

> The majority of courts has adopted the view that the Bankruptcy Judge has discretionary power to extend the time for filing a Section 17 non-dischargeability complaint or a Section 14 objection to discharge past the deadline originally prescribed by the court when the request for enlargement is made within ninety days of the first meeting of creditors because during that time the court retains its inherent power to extend the time for filing complaints regarding dischargeability under § 14b(1). *E.g., In re Jones,* 560 F.2d 775 (7th Cir.1977); *In re Solomon,* 506 F.2d 463 (7th Cir.1974); *In re Cassimatis,* 439 F.Supp. 1294 (E.D.Mo.1977); *In re Magee,* 415 F.Supp. 521 (W.D.Mo. 1976); *Keenan v. Builders Applicances, Inc.,* 384 F.Supp. 14 (D.Wis.1974); *Hollandsworth v. Karawha Valley Bank,* 2 Bankr.Ct. Dec. 19 (S.D.Va.1973) (Copenbar, B.J.). *But see In re Hubbard,* 577 F.2d 98 (9th Cir.1978).

*In re Koritz, supra,* 2 B.R. at 413.

We follow "[t]he majority of courts," *id.,* in extending the deadline to permit the complaint to be filed as timely, because we agree with those courts that "have made reference to the unfairness of the creditor suffering because of his attorney's failings." *Id.* at 414. That reasoning applies to the facts here, where counsel, without reasonable explanation, allowed their clients' rights to expire. In addition, in this case there are allegations of fraudulent conduct on the part of the debtors, not discovered until the adjourned § 341 meeting, which occurred after the expiration of time for filing complaints objecting to discharge or to determine dischargeability. But the primary reason for the Court's decision to exercise its discretion here, is the apparent ineptness of counsel for the Hopfenbergs in failing to preserve their right to be heard. Penalizing these creditors, who had nothing to do with the events in question, because of the negligence of counsel, is to be avoided where possible, particularly where the delay of a single day in filing the complaint does not prejudice the debtors.

This Court has strictly enforced time limitations for filing proofs of claim, because the Rules of Bankruptcy Procedure establish unalterable limitations with respect to the filing of claims. *See, e.g., In re Greene,* 30 B.R. 729 (Bkrtcy.D.R.I.1983) (Court has no discretion to alter statutory deadline for filing proof of claim), *aff'd,* 33 B.R. 1007, (D.C.R.I.1983). In contrast, Rules 409(a)(2) and 404(c) provide that exceptions may be made "for cause." The Court concludes that in this case the egregious conduct of counsel for the moving creditors constitutes sufficient cause to extend the time prescribed for filing complaints objecting to discharge.

The motion to extend the time within which to object to discharge is granted, the complaint objecting to discharge is accepted as filed, and the debtors' motion to dismiss the complaint objecting to discharge is denied.

Judgment on these motions was entered on July 29, 1983.[6] This decision, which makes modifications in the wording of an unpublished decision accompanying the July

---

**6.** In a conference which occurred after judgment was entered, and when this decision was virtually in final form, counsel for the plaintiffs indicated for the first time that the plaintiffs sought a determination of dischargeability, and were not proceeding with an objection to discharge. The July 29, 1983 judgment entered on these motions should therefore be construed accordingly.

**4**

29 judgment, in no way affects the substance or effective date of that judgment.

All references to the Rules of Bankruptcy Procedure are to those in effect on July 29, 1983.