In re Albert J. AUCOIN, Jr., Debtor.

Bankruptcy Appeal No. 92–0449.
Bankruptcy No. 91–11678K.

United States District Court,
E.D. Louisiana.

Jan. 27, 1993.

Dennis Michael Dendy, Amato & Creely, Gretna, LA, for appellant.

John E. McAuliffe, Jr., Bienvenu, Foster, et al., New Orleans, LA, for appellees.

## OPINION

WICKER, District Judge.

This matter is before the Court on appeal from the Bankruptcy Court. The issue is whether the bankruptcy judge erred in granting an extension of time within which to object to the discharge of the debtor and the dischargeability of the debts owed to them. After considering the record, the briefs of counsel, and the applicable law, the Court finds the bankruptcy judge did not err and his ruling is AFFIRMED.

## FACTS

On April 26, 1991, Albert J. Aucoin, Jr. filed for Chapter Seven protection. He listed both Campbell & Associates Liquidating Corporation (hereafter Campbell Liquidating) and Southern Insurance Facilities Liquidating Corporation (hereafter Southern Liquidating) as creditors.[1] The first meeting of creditors was scheduled for June 4, 1991. The deadline for filing objections/complaints to the discharge of the debtor under 11 U.S.C. § 727 and/or filing a complaint to determine dischargeability under 11 U.S.C. § 523(c) was August 5, 1991.

On August 2, 1991 both Campbell Liquidating and Southern Liquidating filed a "Motion to Extend Time to Object to Discharge," in which they made the following allegations: Prior to institution of the bankruptcy proceedings Aucoin had been an officer and director of both corporations; certain corporate assets had been

---

**1.** The liquidating corporations should not be confused with Campbell & Associates, Inc., and Southern Insurance Facilities, Inc., which are separate creditors of Aucoin. Both of the latter filed complaints in August 1991 regarding dischargeability of debts owed to them.

transferred, sold or otherwise disposed of while he served in those positions; the movers had requested that Aucoin deliver to them all corporate books, records, papers, etc., and an accounting for the period during which he controlled the corporations; Aucoin had failed to provide either the documents or the accounting.

The movers stated they needed additional time to obtain and review the requested documents and to acquire information concerning possible grounds for objection to discharge. They prayed for an order extending the time in which they "might file a complaint objecting to the discharge of the debtor."

In a memorandum in support of the motion for extension, the movers asserted that at Aucoin's deposition, taken several days after the deadline for filing complaints expired, they learned of "many instances of mishandling of funds, breach of fiduciary duty, conflicts of interest and fraud." Among the specific acts they alleged were the following:

(a) Aucoin had paid a personal debt to his bookie from Campbell's account.

(b) A tax refund of $30,000 to Campbell Liquidating was deposited in the account of Campbell & Associates (a separate corporation), then a check was written to and an entry made on the books of Campbell Liquidating for $19,000 as a tax refund. A check for the balance was written to Aucoin as an "accounting fee," although no entry recording that fee was made on Campbell Liquidating's books.

(c) Many of the checks written on the Campbell Liquidating account do not have proper accounting references.

(d) Checks written on the Campbell Liquidating account were made payable to one entity while the check stubs and accounts showed payment to a different entity.

(e) A check was written to Slurry Dynamics Corporation (of which Aucoin was a 20% shareholder) at a time when the corporations owed no money to Slurry.

Aucoin opposed the motion, asserting that an extension was not warranted because the debtors "had available to them on or before the initial deadline for objecting to mover's discharge sufficient information to determine whether to object to said discharge."

## ACTION OF THE BANKRUPTCY COURT

At the January 8, 1992 hearing on the motion for extension, counsel for movers argued that their motion was filed on August 2, 1991, prior to the August 5th deadline; that it was not until the debtor's deposition on August 9th that the creditors discovered that (1) there had been irregularities regarding payment of checks and allocation of an IRS refund, (2) the debtor had not turned over the corporations' Omni Bank account records, and (3) the debtor had produced no records to support his claim that the irregular payments were for his out-of-pocket expenditures.[2]

The debtor argued that the creditors had enough information by June 1991 to file a complaint or objection; alternatively, that the motion referred only to "discharge" rather than "discharge of debts" or "dischargeability".

After the debtor's counsel affirmed there were still records that had not been turned over to the movers, the bankruptcy judge granted the motion and stated he was extending the deadline for 30 days, for both discharge and dischargeability. On January 17, 1992 the debtor filed a notice of appeal.[3]

On appeal, Aucoin contends the bankruptcy court erred because the creditors

2. The parties stipulated that the debtor had turned over the corporate records to the movers prior to filing for bankruptcy, and had turned over most of the checkbooks and cancelled checks in June 1991, except for those from Omni Bank.

3. The movers apparently filed a complaint objecting to the dischargeability of the debts owed to them on January 27, 1992. That complaint is not in the designated record on appeal, but is recorded on the docket sheet and the parties refer to it in their memoranda.

sought an extension of time to object to *discharge of the debtor*, but had not sought an extension of time to object to *discharge of the particular debts.*

## APPLICABLE LAW

Bankruptcy Rule 8013 sets out the standard for review of bankruptcy court rulings:

> On an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

■ A bankruptcy court's findings of fact are reviewable under the "clearly erroneous" standard, but conclusions of law are subject to *de novo* review. *Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1252 (5th Cir.1986).

Bankruptcy Rule 9013 states that a written motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

Aucoin contends the debtors' motion did not satisfy Rule 9013's requirements because "nowhere in those motions did they refer to the dischargeability of any debt. Rather, that motion, both in its caption and the body, requested an Extension of Time to Object to the Debtors Discharge," and it was only in the memorandum in support of the motion that the term "dischargeability" was used. Aucoin argues that *discharge* of the *debtor* is different from *dischargeability of a debt* and, therefore, the terms are not interchangeable.

As pointed out in *In Re Billings*, 146 B.R. 431, 435 (N.D.Ill.1992), discharge of the debtor and dischargeability of specific debts are distinct concepts under the Bankruptcy Code and are not interchangeable:

[There is] a presumption in the [Bankruptcy] Code that the debtor will be granted a discharge and that all of his debts will be discharged. [There are] two instances when this presumption will fail. First, under § 727 where the debtor acts dishonestly in connection with the bankruptcy case, then none of the debtor's obligations will be discharged. Second, if the court does grant the debtor a discharge, but a creditor or the debtor satisfies the burden of showing that discharge of a specific debt is contra the policies and language of § 523, then a specific obligation will not be discharged. * * * [4]

■ Bankruptcy Rule 9013 is derived from F.R.Civ.P. 5(a) and 7(b)(1). Bankruptcy Rule 9013 Advisory Committee Note. One of the purposes of the Federal Rules of Civil Procedure is to simplify the pleading phase of litigation. *Carey v. Schuldt*, 42 F.R.D. 390, 395 (E.D.La.1967). The purpose of the particularity requirement is to afford notice of the grounds and prayer of a motion to both the court and the opposing party, providing that party with a meaningful opportunity to respond in court with enough information to process the motion correctly. *Registration Control Systems v. Compusystems, Inc.*, 922 F.2d 805, 807 (Fed.Cir.1990).

■ In construing the requirement for particularity, if the court can comprehend the basis of a motion and deal fairly with it, technicalities ought to be avoided. *McGarr v. Hayford*, 52 F.R.D. 219, 221 (S.D.Cal. 1971). Similarly, where opposing counsel is aware of the specific grounds of a motion, and the grounds are stated by the court to both counsel at oral argument, the motion is sufficiently specific. *See King v. Mordowanec*, 46 F.R.D. 474, 477 (D.R.I. 1969). Where the parties have discussed the grounds for a motion in their briefs and at oral argument, failure to state the grounds in the motion itself does not require denial of the motion. *See Span-*

---

**4.** The court explained, at 433–434, that § 727 "serves a policing function by ensuring that only honest debtors are permitted to take advantage of the bankruptcy laws." Among the conditions for denial of discharge are proof of the debtor's mishandling of property, failure to produce adequate books and records, commission of bankruptcy crimes, and failure to explain losses. Section 523, in contrast, exempts specified debts from the general discharge, on grounds that the debtor acted in an improper manner at the time he or she incurred the specific debt.

*Deck, Inc. v. Fabcon, Inc.,* 570 F.Supp. 81, 86 (D.Minn.1983).

"[T]he bankruptcy law is not supposed to function merely as a procedural gauntlet...." *In Re Kolstad,* 928 F.2d 171, 173 (5th Cir.1991), *cert. den.,* —— U.S. ——, 112 S.Ct. 419, 116 L.Ed.2d 439. "[D]eadlines for filing complaints against the discharge or dischargeability of a particular claim are timed to put the parties on early notice whether a debtor may fail to achieve these most desired rewards of the bankruptcy process." *Id.,* n. 5.

■ Where there is no prejudice to the debtor, the granting of an extension of time for filing an application for determination of the dischargeability of a debt is not an abuse of discretion. *See In Re Jones,* 560 F.2d 775, 778 (7th Cir.1977). Further, when the affairs of a debtor are complex and additional time is necessary for a creditor to clarify its position on any objections, the creditor is entitled to an extension of time to file a complaint. *In Re Sturgis,* 46 B.R. 360 (Bankr.W.D.Okla.1985). Similarly, an extension of time for creditors to object is appropriate when a debtor has failed to completely disclose all available information in his possession relating to dischargeability. *In Re Halliwell,* 130 B.R. 508 (Bankr.S.D.Ohio 1991).

### CONCLUSION

■ The focus of the debtor's appeal is that the movers used the term "discharge" rather than "dischargeability." Whether the motion was interpreted as applying to discharge of the debtor or to dischargeability of particular debts, however, it is uncontested that the debtor failed to produce all of the records requested by the creditors. The creditors established sufficient cause for the extension of time and the debtor has not shown he was prejudiced or misled by the terminology in the motion.

Accordingly, the bankruptcy court's order granting the extension of time and making it applicable to dischargeability of debts as well as to discharge of the debtor is AFFIRMED.