IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

S))))))))))))))Q
No. 93-3144
S))))))))))))))Q


IN THE MATTER OF:  ALBERT J. AUCOIN, JR.

Debtor.

ALBERT J. AUCOIN, JR.,

Appellant,

versus


SOUTHERN INSURANCE FACILITIES LIQUIDATING
CORPORATION and CAMPBELL & ASSOCIATES
LIQUIDATING CORPORATION,

Appellees.


S))))))))))))))))))))))))Q
Appeal from the United States District Court for the
Eastern District of Louisiana
S))))))))))))))))))))))))Q
(September 30, 1994)

Before GARWOOD and BARKSDALE, Circuit Judges, and WALTER,[*]
District Judge.

GARWOOD, Circuit Judge:

Appellant Albert J. Aucoin (Aucoin), a debtor in a Chapter 7

bankruptcy proceeding, appeals the lower courts' decisions

granting Southern Insurance Facilities Liquidating Corporation

and Campbell & Associates Liquidating Corporation (Appellees) an

---

[*]    District Judge of the Western District of Louisiana, sitting
by designation.

extension of time to object to discharge or the dischargeability of certain debts pursuant to 11 U.S.C. §§ 523(c) and 727. We dismiss the appeal for want of jurisdiction.

## Facts and Proceedings Below

On April 26, 1991, Aucoin filed a Chapter 7 bankruptcy petition, which listed Appellees as creditors. Thereafter, Appellees were given notice, pursuant to 11 U.S.C. § 341(a), of a meeting of the creditors scheduled for June 4, 1991. The notice also stated that August 5, 1991, was the deadline for filing 11 U.S.C. § 727 objections to discharge of the debtor and/or filing 11 U.S.C. § 523(c) objections to the dischargeability of specific debts.

On August 2, 1991, Appellees filed a "Motion to Extend Time to Object to Discharge" (Motion to Extend). The Motion to Extend alleged that Aucoin, a former officer and director of each of Appellees, had not turned over certain corporate books and records and also had failed to provide an accounting respecting the period of time he was in control of the corporations. Appellees asserted that as the books and records concerned possible grounds for objection to discharge, they needed additional time to obtain and review the requested documents.[1]

---

[1]    In a memorandum in support of their Motion to Extend, the Appellees asserted that they had learned of "many instances of mishandling of funds, breach of fiduciary duty, conflicts of interest and fraud" committed by Aucoin. The Appellees alleged that Aucoin, in his capacity as controller of Appellees, had: (1) paid a personal debt to a bookie out of a corporate account; (2) deposited only $19,000 of a $30,000 IRS refund in the appropriate corporate account, claiming the remainder was a professional fee; (3) made numerous checks payable to one entity

On January 8, 1992, the bankruptcy court granted Appellees' Motion to Extend. Aucoin appealed the decision in district court, arguing that Appellees' potential objections related to *dischargeabilty of specific debts* pursuant to section 523(c), yet their Motion to Extend referred only to objections to *discharge of the debtor* pursuant to section 727(a). The district court affirmed the bankruptcy court's decision and held that the extended deadline applied to objections under *both* section 727(a) and section 523(c). Aucoin now appeals to this Court.

## Discussion

### I. *28 U.S.C. § 158*

"Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals from *final and interlocutory* judgments and orders of the bankruptcy court."[2] *In re Watson*, 884 F.2d 879, 880 (5th Cir. 1989). However, appellate courts, pursuant to 28 U.S.C. § 158(d)[3], can review only appeals from a bankruptcy court's final decisions, judgments, and orders. *In re First Financial*

---

while the check stubs and accounts showed payment to a different entity or person; and (4) written a corporate check to another corporation in which he personally was a twenty percent shareholder at a time when Appellees owed no money to that payee corporation.

[2] Section 158(a) states in part: "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees . . . ."

[3] Section 158(d) states in part: "[t]he court of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees . . . ."

*Development Corp.*, 960 F.2d 23, 25 (5th Cir. 1992).[4]

"A decision is final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993) (citations omitted). The order granting the Motion to Extend was not a final decision since after Appellees file their objections pursuant to the extension, the bankruptcy court will still have to determine whether to grant or deny those objections (and will doubtless have to conduct a trial or hearing for that purpose). Therefore, that order is the prologue to, rather than the termination of, the dispute between the parties. As Aucoin's appeal is interlocutory in nature, this Court does not have jurisdiction pursuant to section 158(d).[5]

---

[4]    This Court in *First Financial*, citing the Supreme Court's decision in *Connecticut National Bank v. Germain*, 112 S.Ct. 1146 (1992), noted that section 158 is not the exclusive provision governing bankruptcy appellate jurisdiction. *First Financial* at 25. The court stated "one who is dissatisfied with an *interlocutory* order of a bankruptcy court has available an alternative avenue of appeal . . . in 28 U.S.C. § 1292(b), which allows a court of appeals to hear an appeal of any certified interlocutory order of a district court." *Id*. As the district court's decision was not certified pursuant to 28 U.S.C. § 1292(b), we will address only whether we have jurisdiction pursuant to section 158(d).

[5]    In *Matter of Ichinose*, 946 F.2d 1169 (5th Cir. 1991), the bankruptcy court denied the debtor's motion to dismiss as untimely a creditor's complaint seeking to determine dischargeability under section 523. The debtor took an interlocutory appeal to the district court under section 158(a), which the district court allowed. The district court then reversed the bankruptcy court and held that creditor's complaint was untimely and, in substance, ordered it dismissed. The creditor appealed to us. We held that "although the bankruptcy court's order was interlocutory," the "district court's reversal 'cured' the interlocutory nature of the bankruptcy court's order" because "as a result of the district court's order reversing the

II. *Collateral Order Doctrine*

Aucoin argues that even if the Order is interlocutory, this Court still has jurisdiction under the collateral order doctrine. That doctrine recognizes a narrow exception to the final judgment rule for interlocutory orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, [which are] too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corporation*, 69 S.Ct. 1221, 1225-1226 (1949). To fall under the collateral order doctrine "an order must at a minimum satisfy three conditions: [1] It must 'conclusively determine the disputed question,' [2] 'resolve an important issue completely separate from the merits of the action,' and [3] 'be effectively unreviewable on appeal from a final judgment.'" *Richardson-Merrell, Inc. v. Koller*, 105 S.Ct. 2757, 2761 (1985). These conditions are conjunctive: failure of any one results in the failure of jurisdiction. *In re Delta Services*, 782 F.2d 1267, 1272 (5th Cir. 1986).

Although Aucoin's appeal might arguably satisfy the first and second conditions, the appeal definitely does not satisfy the

---

bankruptcy court and *rendering* judgment (*dismissing* Homer's [the creditor's] complaint), there is no further action to be taken by the bankruptcy court, except mechanical entry on the docket that the complaint is dismissed." *Id*. at 1177 (emphasis added). Here, by contrast, the district court affirmed, and did not change or "cure" the interlocutory nature of, the bankruptcy court's order, and under the district court's order the bankruptcy court must still decide the merits of Appellees' complaints under sections 727 & 523(c).

last condition.  If, in accordance with the district court's order, Appellees timely file objections, the bankruptcy court will ultimately either grant or deny Appellees' objections to dischargeability and/or discharge.  Thereafter, if the ruling is adverse to Aucoin, he can then appeal, and his appeal may embrace not only the bankruptcy court's decision regarding discharge, but also any of the procedural rulings that adversely affected that decision, including the order granting the Motion to Extend. Thus, the order granting the Motion to Extend is reviewable on appeal after the lower courts have rendered final judgment on the merits of the adversary proceeding between Aucoin and Appellees. Therefore, the collateral order doctrine is not applicable to Aucoin's interlocutory appeal.  The order is no more "collateral" than an order denying a defendant's motion to dismiss based on the statute of limitations.

For the foregoing reasons we lack jurisdiction and accordingly the appeal is

DISMISSED.